### 11747

### DUNCAN v. RECORD PUBLISHING CO. *ET AL.*

(127 S. E., 606)

Libel and Slander—Defendant Newspaper Could Set Up Facts Showing That Publication Was in Denial and Explanation of Attack on It by Plaintiff Senator in Open Session of Legislature. —In State Senator's action against newspaper for libel, it was proper for defendant to allege in defense facts showing that the publication was in explanation and denial of charges made by plaintiff, though such charges were made in open session of Legislature.

Before Townsend, J., Richland, June, 1924. Order reversed.

Action by T. C. Duncan against Record Publishing Co. and E. W. Robertson. From an order striking out certain portions of the separate answers of defendants they appeal.

*Messrs. R. B. Herbert* and *J. B. S. Lyles,* for E. W. Robertson, appellant, cite: *Motion to strike out too broad and should have been overruled:* 74 N. W., 277; 70 N. W., 926; 57 N. W., 982; 31 Cyc., 663; 36 N. E., 848; 149 App. Div. N. Y., 466; 93 Sou., 585. *Demurrer was proper remedy to test sufficiency of an entire defense:* 31 Cyc., 667; 97 S. C., 389; 69 S. C., 321; 105 S. C., 276; 20 Enc. Pl. & Pr., 988; 77 Hun., 192. *Allegations were relevant:* 120 S. E., 70; 17 R. C. L., 364; Newell libel &

Slander 3rd Ed., 625; 83 Va., 106; 84 Va., 884; 9 Gray 94; 28 L. R. A., 721; 104 A. S. R., 143. *Plaintiff's defamatory attacks on defendant not within legislative privilege:* 4 Mass., 1; 63 Am. St. Rep., 786; 104 A. S. R., 120; Newell 3rd Ed., 509; 25 Cyc., 376; 17 R. C. L., 330; 36 C. J., 1260; Cooley Const. Lim. 7th Ed., 634; Odgers 170; Townshend 3rd Ed., 375; 3 How., 266; 93 S. C., 467; 119 S. C., 237; 43 A. S. R., 583; 2 Brev., 76. *If any privilege existed it was exceeded:* 119 S. C., 237; 17 R. C. L., 344; 83 S. C., 417; Odgers 171; Townshend 3rd Ed., 377; Newell 3rd Ed., 511. *When the state goes into Court as plaintiff her claim is subject to all defenses allowed to the defendant by law:* 124 S. E., 758. *Tendency is to restrict rule of absolute privilege:* 125 N. E., 113.

*Messrs. C. N. Sapp* and *W. C. McLain,* for Record Publishing Co., appellant, cite: *Extent of legislative privilege allowed is not justified by the Constitution of the State or United States:* Const. S. C., 1895, Art., 3, Sec. 14; Constitution U. S. Art. 1, Sec. 6.

*Messrs. A. F. Spigner* and *D. W. Robinson,* for respondent, cite: *Where portion of cause of action is irrelevant procedure is by motion, to strike out:* 1 Code, 1922, Sec. 409, 402, 412, 421; 115 S. C., 425; 54 S. C., 105; 57 S. C., 506; 64 S. C., 395; 44 S. C., 144; 87 S. C., 257; 118 S. C., 251; 117 S. C., 93; 64 S. C., 512; 97 S. C., 394. *If irrelevant allegations are left in pleading it is not error to admit evidence thereon:* 80 S. C., 38; 73 S. C., 12; 72 S. C., 442; 78 S. C., 482; 121 S. C., 61; 122 S. C., 324. *No objection to motion to strike out at hearing and cannot now be considered:* 124 S. C., 142; 124 S. C., 422; 54 S. C., 108. *Motion to strike out cannot be granted as to part and not all:* 126 S. C., 363; 120 S. C., 210. *Member legislative body is not responsible in any Court for anything said in and during the sitting of the legislative body:* Newell 3rd Ed., 508; 509; 4th Ed., 388; 389; Starkey Sec. 230;

Sec. 688; Sec. 699; Townshend 2nd Ed., 342; Odger 5th Ed., 186; 231; Cooley on Torts 213, 214; 1 Kent. Com. 4th Ed., 235; Cooley Const. L. 7th Ed., 634, 635; 25 Cyc., 376; 164 N. W., 421; 31 L. R. A., 675; 6 Ann. Cas., 802; 4 Mass., 1; 17 R. C. L., 330; 103 U. S., 202; Columbia Law Review 1910 X-131. *English rule:* 13 How. St. Tr., 1369; Tr., 8, page 296; 9 Ad. & E., 126; 12 Q. B. D., 275; 20 L. R. (Ir.), 600. *Common law is part of law in South Carolina:* Stat., 1712, 413; 1 Stat., 126; Stat., 1872; 767; 14th Stat., 74; Const., 1895, Art. 17, Sec. 10, 11; 2 Hill Eq., 539; 39 S. C., 474; 5 R. C. L., 813; 23 A. L. R., 507; 24 A. L. R., 302. *Where speech is privileged a fair and accurate report is likewise privileged:* 31 L. R. A. (N. S.), 675; 25 Cyc., 376; Cooley Torts 310; 6 Ann. Cas., 802; Newell 3rd Ed., 552. *Question of privilege is for the Court:* Newell 3rd Ed., 480; 93 S. C., 476; 76 S. C., 513; 116 S. C., 84; 17 R. C. L., 329; 164 N. W., 422.

April 13, 1925.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The respondent's statement of the case is as follows:

"This is an action commenced by the plaintiff against the Record Publishing Company and E. W. Robertson for libel in a publication made by the Columbia Record of a letter by the plaintiff to the defendant, Edwin W. Robertson, which was furnished by said Robertson to the newspaper for publication, and published on March 11, 1924, during the session of the General Assembly of which Mr. Duncan was a member, being a senator from Union County.

"Each of the defendants answered the complaint, and, in addition to pleading general denial and the truth of the publication, pleaded as additional defenses:

"PRIVILEGES OF LEGISLATOR

" 'That on the morning of March 11, 1924, * * * the plaintiff arose in the Senate of South Carolina then sitting

and delivered a malicious and defamatory speech concerning defendant, of which Exhibit A, hereto attached and made a part hereof, is a fair and substantially correct report.'   Substantially the same allegation is made by the defendant, Record Publishing Co.

"The Court will observe that each of the defendants admit that the plaintiff, Duncan, was, on March 11, 1924, a member of the State Senate of South Carolina from Union County, and that as such he was and had been since March, 1923, a member of the canal commission provided by the Public Act of March 26, 1923, 33 Stat. 828, continued under the Act of March 8, 1924, 33 Stat. 1839.

### "Demurrer and Motion to Strike

"Defendants each undertook to set up by way of privilege and justification, as well as in mitigation (Case, folios 39, 78, 90), in substance that the plaintiff had, in a speech in the Senate on the morning of March 11, made a malicious and defamatory attack upon each of the respective defendants.

"The nature of the attack is set forth and contained in an account added to the answer of the defendant Robertson, Exhibit A, Case, folios 47-66, which he states 'is a fair and substantially accurate report.'

"In this connection we would call the Court's attention to the fact that, when the matter which plaintiff charges as libelous was published on the afternoon of March 11, 1924, there had been and could necessarily have been no publication of the speech of the plaintiff, except such as should be published the same afternoon and in the same paper (Columbia Record), and a reference to the same shows a very short, imperfect, and garbled account of the speech of the plaintiff, Duncan, if Exhibit A is to be taken as a correct and fair report.   But Exhibit A is a copy of what appeared in the State of the next morning, March 12."

The plaintiff-respondent moved to strike out of the answers the statement of facts.   This motion was granted,

and the defendant appealed. The statements were struck out mainly on the ground that the speech of the plaintiff was made in the Senate in the discharge of the duties of the plaintiff as a senator, and therefore privileged. Much learning has been used and much refinement upon the question of privileged communications, but really it is unnecessary to consider these refinements, as fundamental principles are sufficient. It must be observed that the plea of privileged communications is a shield and not a sword. This is not an action against the plaintiff for slander, nor a counterclaim, but strictly a defense. In *McLeod v. American Publishing Co.*, 126 S. C. on page 366; 120 S. E., 70; 71 we find:

" 'The cause and manner of speaking the slander are in all cases proper to be given in evidence in order to guide the jury in the assessment of damages, \* \* \* and all the circumstances of hearing the slander first published and the manner of repeating it ought to be duly considered by the jury in mitigation or in aggravating the damages, *Easterwood v. Quin,* 2 Brev. p. 64; 3 Am. Dec., 700,"

—and if it can be proved it should in fairness be alleged. There is no claim that this speech was made in executive session. The plaintiff's claim, if allowed, would permit a member of the Legislature in a session open to the world, with reporter in sight, to make the most hurtful statements about a private citizen knowing that they would be published to the world, and deny to the injured citizen the right to deny the truth of the charges anywhere. Indeed, it is claimed that a member of the Legislature has the right to let not only the legislative body, but his constituents, know what he has said; that is, a legislator may say in open session and for publication and to his constituents and the world that a certain man has confessed to him that he (the private citizen) is a thief, and, if the citizen denies the charge, the legislator may bring suit against the citizen for slander, in that in his denial of the charge the citizen has accused the legislator of being a liar and the citizen is denied the right

to defend himself, by reason of the doctrine of privileged communications.

We have been cited to no law, and we know of none, to sustain such a proposition. Indeed, there is authority for the proposition that one, in an honest effort to defend himself from a charge, if it is done without malice, may make statements that would otherwise be slanderous and then go free because his reply is entitled to a privilege. 17 R. C. L. pp. 364; 365.

The order striking out the allegations from the answers is overruled and reversed.

MESSRS. WATTS and MARION concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.