970

## F. W. WOOLWORTH CO. v. WILLIAMS.
### No. 4961.

Court of Appeals of District of Columbia.
Argued May 7, 1930.
Decided June 2, 1930.

Edmund L. Jones, of Washington, D. C., for appellant.

Wm. S. Hammers and Edward T. Quigley, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a judgment against appellant, defendant below, for damages resulting from injuries sustained by the plaintiff in defendant's store on October 5, 1926.

It appears that the defendant was conducting a "Five-and-ten cent" store on Fourteenth street in the city of Washington. About 5:30 o'clock in the evening plaintiff entered the store and, after making a small purchase, was leaving through one of the aisles when she slipped and fell, breaking her arm. She was the only witness who testified on her behalf as to the cause of the accident. She stated that when she was assisted from the floor to a chair she noticed an oval-shaped spot on the floor at about the point where she fell; that the spot was darker than the floor; that it was slightly raised above the floor, and that she had no doubt but that her heel went into this spot and caused her to slip.

Several witnesses were called by the defendant, who testified that an immediate examination of the floor was made after the accident, and that no substance appeared on the floor that would have caused the plaintiff to slip. One witness testified that he was employed by the defendant as a receiving clerk, and that he swept up and did general work around the defendant's store; that he saw the plaintiff fall at the front of the first counter near the front of the store, and in the aisle between the counter and the south wall. At the time of the fall he testified he was sweeping the adjacent aisle; that he immediately went to the point where the plaintiff fell and examined the floor and found it perfectly dry; that he had just finished sweeping the aisle in which plaintiff fell a few minutes prior to the time of the accident. The manager and assistant manager of the store and two clerks testified in substance that they examined the floor within a few minutes after the accident and that they found the floor to be clean; that there was no trash, soap, or grease of any kind on the floor.

Error is assigned on the refusal of the court to direct a verdict for the defendant at the close of all the testimony in the case.

It is charged in the declaration that defendant was negligent in that "it allowed and permitted some greasy, slimy, oily, or other like foreign substance to be and remain upon said floor, and did fail to remove and clear said floor of said substance so as to remove danger to plaintiff and other persons of slipping and falling on said floor by reason of the presence of said substance thereon."

The burden of proving defendant's negligence is upon the plaintiff. The mere happening of the accident does not shift to the defendant the burden of establishing that the accident did not occur through its negligence, nor does it create a presumption of negligence. On the contrary, the legal presumption is that reasonable care was exercised by the defendant. In the case of Schnatterer v. Bamberger et al., 81 N. J. Law, 558, 79 A. 324, 325, 34 L. R. A. (N. S.) 1077, Ann. Cas. 1912D, 139, the plaintiff sued for injuries sustained from a fall in defendant's store. The fall was caused by her tripping on a loosened brass edging or nosing originally fastened by screws to the upper edge of the step for the protection thereof. The court, affirming the judgment in nonsuit, among other things, said: "When the plaintiff rested her case, it had not appeared that the defendant company had been guilty of any want of reasonable care in the keeping of its store safe for her use, for the reason that she had failed to show that the defective condition of the brass edging which she said existed on the night of the accident of April 24th had either (a) been in fact brought to the previous notice of the defendant, or, failing in proof of such actual notice, that (b) the defect had existed for such space of time before that occurrence as would have afforded the company sufficient opportunity to make proper inspection of its stairways to ascertain their condition as to safety, and to repair their defects. In the absence of proof of either, the legal *presumption* is that defendant had used reasonable care."

The defendant is not an insurer against accident to persons entering its store for the purpose of making purchases or otherwise. Until it is established that the accident was occasioned through the negligence of defendant's employees, or as the result of the existence of a condition of which defendant had either actual or constructive notice, there can be no recovery. The rule as to notice is well settled in the case of O'Dwyer v. Northern Market Company and the District of Columbia, 24 App. D. C. 81, 88, where the plaintiff slipped on some green vegetable matter which was on the sidewalk in front of the market house. The trial court directed a verdict for the defendants. In reversing the judgment, this court, among other things, said: "Of course, for obstructions in the street not caused by itself or its own agents or employees the municipality cannot be held liable, unless it has had notice of it, or unless the obstruction has lasted so long and under such circumstances that, with due diligence, it should have known of its existence. The obstruction here was not caused by the municipality or its agents, but there is ample testimony in the case to show that it was put upon notice. There is testimony tending to show that for a long time, for the whole year in fact, the sidewalk in question was constantly in the same obstructed condition; and this was sufficient to go to the jury. This is not the case of a banana peel or other similar refuse matter of a dangerous character thrown upon the sidewalk by some reckless or heedless person, and causing injury to someone who slips upon it. In that case the rule is plain that the municipality is not liable until it has had notice, or opportunity of notice, of the obstruction."

Conceding that defendant observed the spot on the floor immediately following the accident, this is not sufficient in itself to establish her case. Plaintiff made no attempt to show how or by whom the spot was created, or how long it had existed. It may have been occasioned by some other customer, having no connection with the defendant, dropping or spilling something on the floor. This well might be, considering the fact that the evidence shows that the floor had been swept only a few minutes prior to the accident. Plaintiff cannot sustain her case by merely showing that a spot was there. The burden rests upon her to establish its presence under circumstances which would charge defendant with responsibility therefor. This she failed to do, but rested her case solely on the existence of the spot on the floor.

In the case of Mond v. Erion, 223 App. Div. 526, 228 N. Y. S. 533, 535, the plaintiff entered defendant's store as a customer, and while there she slipped on what she described as a spot of oil about the size of a grapefruit, and fell, receiving injuries for which she obtained a judgment. None of the defendant's employees were at the point of the accident, but some of them heard the fall and came to her assistance. She was helped to arise, and seated in a chair. She

testified that she noticed a spot of oil on the floor, with a streak running through it and extending for about a yard, indicating where her heel had slipped. She described the spot as being about a tenth of an inch in depth. The evidence showed that the last time oil had been applied to the floor was from two to four weeks before the accident, when, after its application, it was mopped perfectly dry. All the witnesses called by the defendant testified that there were no pools of oil on the floor at the time of the accident, but that the floor was perfectly dry. Those who assisted the plaintiff at the time of the accident testified that they examined the floor carefully and there was no such oil spot as she described.

The court, reversing the judgment, said: "The existence of a spot of oil such as is described by plaintiff does not, in and of itself, establish a cause of action, notwithstanding she may have fallen thereon. The store had been in constant use since the floor dressing had been last applied, at least two weeks before, and since when it is reasonable to suppose it had been swept as often as once daily. No attempt is made to show how or by whom the oil spot was created, nor as to how long it had existed; so far as appears, it may have come into existence between the time that plaintiff entered the store and when she started to leave, and may have been caused by some person having no connection whatsoever with defendants. As has been said, it is not sufficient for her to show that the oil was there; she must go further, and show its presence under circumstances sufficient to charge defendants with responsibility therefor."

■ There is no extra or unusual degree of care chargeable to the proprietor of a store with respect to the safety of his customers. He is merely under the duty of exercising, reasonable care to keep his store in safe condition. "The proprietor of a store to which prospective customers are invited, like any other person who, expressly or impliedly, invites others upon his premises, is not an insurer of their safety while in the store, but owes to them merely the duty of exercising reasonable care to keep the store in a safe condition for their proper use." Kaufman Dept. Stores, Inc., v. Cranston et al. (C. C. A.) 258 F. 917, 918.

Applying the foregoing well-established rules, as to the liability of a storekeeper for the safety of his customers, to the case at bar, there is no theory upon which the judgment can be sustained. To uphold this judgment

would be equivalent to making the defendant an insurer for the safety of its customers while in its store, and this is not the law.

The judgment is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.