584

## HELLYER v. SEARS, ROEBUCK & CO.
### No. 5849.

Court of Appeals of the District of Columbia.
Argued Oct. 6, 1933.
Decided Nov. 6, 1933.

Rehearing denied Nov. 20, 1933.

H. Mason Welch, of Washington, D. C., for appellant.

Leon Tobriner, Byron U. Graham, and Walter N. Tobriner, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

### PER CURIAM.

■ Appellee operates a large retail store in Northeast Washington. It was opened to the public in August, 1929, and three days later the injury complained of occurred. Appellant (plaintiff) was at the time a customer in the store, and while descending the stair steps to go from one floor to another, the heel of her shoe caught in the casing along the edge or nose of the step, resulting in her falling and severely injuring herself. She testified the heel was pulled away from the shoe and was so tightly fastened in between the casing (flashing) and the edge (nose) of the step that it was necessary to pick it out and that after this was done "the metal nosing remained out from the tread." The nosing of the steps or tread was covered with strips of metal flashing which extended over the surface of the tread and were screwed down. It was the strip of flashing "raised up a little bit" and "stuck out" which caught plaintiff's shoe heel and held it so fast that in falling the heel was ripped from the shoe.

■ That this evidence, without explanation, was sufficient to take the case to the jury, we have no doubt. Appellant was an invitee, and, as such, appellee owed her the duty of exercising ordinary care to so construct the stairways as to make them safe for a person using ordinary care for his own safety, and likewise owed the duty of inspecting them from time to time to keep them safe. If the metal covering the step nosing was either so constructed that it extended up above the surface of the tread in such a way as to make it dangerous to a person using the steps with due care, or if, after construction, it was allowed to get and remain in that condition, a case of actionable negligence would arise for an injury to an invitee.

In this view, the evidence was sufficient to require appellee to show that it had exercised ordinary care to see that the steps were properly constructed and that it had exercised ordinary care to see that they were thereafter maintained in safe condition. From this it follows that it was error to bind the jury at the close of the plaintiff's case.

Reversed and remanded for new trial.