### SELBY v. S. KANN SONS CO.

#### No. 6172.

United States Court of Appeals for the District of Columbia.

Argued Oct. 3, 1934.

Decided Nov. 5, 1934.

Fred B. Rhodes and Cooper B. Rhodes, both of Washington, D. C., for appellant.

Norman B. Frost, Frank H. Myers, and F. N. Towers, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

The appellant, as plaintiff below, sued S. Kann Sons Company for personal injuries alleged to have been sustained by a fall while a customer in their store in the city of Washington.

At the conclusion of her evidence and that of her witnesses, the court on motion directed a verdict for defendant, which ruling is the ground of the sole assignment of error.

Since the other witnesses testified only to the nature and extent of her injuries, Mrs. Selby's case as against the motion rests entirely upon her own testimony.

And she testified: "That Mrs. Childers (the clerk) showed her a pair of shoes which were not the kind which witness wanted; that witness rose from the chair in which she had been sitting to go back to the shelves to show Mrs. Childers the kind of shoes which witness wanted; that something caught her heel and threw her forward, and when she got up and looked down she saw that there was a small rip in the binder rug facing her; that when she fell her knees struck a certain fitting stool; * * * that the carpet was not torn, but that the stitches fastening the binder to the end of the carpet had become ripped."

She testified further, but to the same effect, and there was no evidence as to when or how the rip occurred; or to any knowledge of its existence by the defendant or its agents at any time prior to the accident; or of any opportunity to acquire knowledge.

And it was because of the lack of any evidence tending to show actual or constructive notice of the alleged defective condition that the verdict was directed.

The appellant insists that her evidence entitled her to a denial of the motion, and relies largely upon the decision of this court in Hellyer v. Sears, Roebuck & Co., 62 App. D. C. 318, 67 F.(2d) 584, while the appellee contends that the case is controlled by F. W. Woolworth Co. v. Williams, 59 App. D. C. 347, 41 F.(2d) 970, 971.

In the Hellyer Case we held that evidence that the heel of plaintiff's shoe had been ripped off and tightly fastened between the metal flashing and the tread of a stairway in a new store building opened to the public but four days before was sufficient to require the defendant to show by evidence that it had exercised ordinary care to so construct the stairway as to make it safe for travel by a person using due care, and that it had performed its duty of inspection to keep it so.

In that case, after the plaintiff's fall the heel of her shoe was found stuck in the gap between the step and the metal flashing that covered it, and after the heel had been picked out of this gap the metal flashing remained away from the tread.

In this case the plaintiff had been a customer in the defendant's store for thirty years; had previously bought shoes from the same saleswoman in the same room; and the alleged defective condition consisted of a small rip in the stitches between a rug and the binding on its end. The rug was not torn; the plaintiff saw no rip before her fall; but when she got up after her fall and looked down she saw a small rip where the stitches had given way.

Under this evidence the rip may have caused the fall, or the fall may have caused the rip by the plaintiff scraping her shoe along the rug, and there is nothing to indicate that the alleged defect had existed long enough to be detected by the most vigilant inspection.

This state of the evidence leaves the case within the rule so often applied by the Supreme Court that where an accident may be due to any one of several causes, for some of which the defendant is legally responsible and for some of which he is not, there is such a fundamental failure of the plaintiff's proof that a verdict for the defendant should be directed. Patton v. R. R. Co., 179 U. S. 658, 21 S. Ct. 275, 45 L. Ed. 361; New York C. R. Co. v. Ambrose, 280 U. S. 490, 50 S. Ct. 198, 74 L. Ed. 562; Gulf, Mobile & N. R. Co. v. Wells, 275 U. S. 459, 48 S. Ct. 151, 72 L. Ed. 370; Delaware, L. & W. R. Co. v. Koske, 279 U. S. 11, 49 S. Ct. 202, 73 L. Ed. 578; Looney v. Metropolitan Railroad Co., 200 U. S. 480, 26 S. Ct. 303, 50 L. Ed. 564.

The breach of duty alleged in the Hellyer Case was defective construction rather than negligent maintenance, and was governed by the rule stated in Hochschild, Kohn & Co. v. Murdoch, 154 Md. 575, 141 A. 905, 906: "In Maryland, as elsewhere, it is settled that the occupier of a store or other premises is not an insurer of the safety of persons who come there upon his invitation to do business with him, that his obligation is one for the exercise of care for their safety such as an ordinarily prudent man would exercise, and any liability on his part for injury to a patron could be based only upon a failure to exercise that care. * * * This court has also adopted the view widely held in other jurisdictions, that the obligation to business customers or invitees with relation to construction or repair of the premises, is one to see that care is exercised, by whomsoever the work of construction or repair may be done, whether by the occupier's servants or by independent contractors."

But in Woolworth v. Williams, supra, where the plaintiff claimed her fall had been caused by an oval-shaped object or spot on the floor, this court said: "Until it is established that the accident was occasioned through the negligence of defendant's employees, or as the result of the existence of a condition of which defendant had either actual or constructive notice, there can be no recovery. The rule as to notice is well settled in the case of O'Dwyer v. Northern Market Company and the District of Columbia, 24 App. D. C. 81, 88. * * *" And again: "Conceding that defendant observed the spot on the floor immediately following the accident, this is not sufficient in itself to establish her case. Plaintiff made no attempt to show how or by whom the spot was created, or how long it had existed. * * * Plaintiff cannot sustain her case by merely showing that a spot was there. The burden rests upon her to establish its presence under circumstances which would charge defendant with responsi-

bility therefor. This she failed to do, but rested her case solely on the existence of the spot on the floor."

Accordingly we conclude that the trial court did not err in directing the verdict, and the judgment is affirmed, with costs.

Affirmed.