## AVERY v. S. KANN SONS CO.
### No. 6460.

United States Court of Appeals for the District of Columbia.

Argued Nov. 6, 1935.

Decided Dec. 9, 1935.

John U. Gardiner, of Washington, D. C., for appellant.

Edwin C. Brandenburg, Louis M. Denit, and Leonard J. Ganse, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This was an action in the lower court for damages for personal injuries alleged to have been suffered by the plaintiff because of the negligence of defendant.

At the close of plaintiff's evidence, the trial court directed the jury to return a verdict for the defendant, and judgment was entered accordingly. The present appeal was then taken.

The defendant, S. Kann Sons Company, a corporation, operated a large department store in the city of Washington, and Mrs. Avery, the plaintiff, was one of its customers. The fourth floor of the store was built with two floor levels, although forming a single open room. The two levels of the room were connected together by means of a flight of steps extending from one level to the other.

On November 18, 1933, Mrs. Avery, accompanied by her daughter and a five year old son, was examining the merchandise in the room in question and undertook to descend the stairs so as to go from the upper level of the room to the lower one. As Mrs. Avery started to descend the steps, which were three or four in number and were uninclosed, the heel of her shoe (she claims) caught upon the topmost step and she fell violently down upon the lower floor and suffered serious injuries. She thereupon brought the present case for damages, claiming that the accident was caused by the negligence of defendant in failing to exercise reasonable care in the construction and maintenance of the topmost step. She claimed that defendant had either actual or constructive notice of the defect and of the dangerous condition of the steps.

The defendant by plea denied the charge of negligence, denied the allegation of notice, either express or implied, of the alleged dangerous condition of the steps, and claimed that the plaintiff, if injured as alleged by her, was herself guilty of contributory negligence.

The testimony submitted on behalf of the plaintiff at the trial was in substance as follows:

The plaintiff herself testified that at the time in question she and her children were on the fourth floor doing Christmas shopping; that they were looking over

from the upper to the lower level of the room in which the toys were kept, and were about to descend the steps; that when she undertook to step downward her heel caught in something, she does not know what, and caused her to fall upon the floor below; that she was compelled to lie down for a time, but after about an hour following the accident she and her daughter went back to look at the place where she had fallen and she then saw a crack in the linoleum on the top step, the crack was about 8 inches long; she could not tell how wide the break was, as it was so ragged and worn and some of the ridges were longer than others, but imagined it was about an eighth of an inch wide, and that she could not tell what color the linoleum was, as it was so worn and dirty that the colors could not be seen; that her heels are one-half inch wide; that she knows that she caught her heel in the crack—there was nothing else on the step to trip her; that there was a heavy black metal tread at the edge of the step; that there was no difference in the level between the metal tread and the linoleum. She testified that she was very familiar with the store, had been there frequently, and there was no difficulty in seeing the steps at the time of her fall. The steps were about 8 feet wide and three or four in number, and were not inclosed.

The plaintiff's daughter, Lanelle V. Avery, testified in substance that she was with her mother in the store at the time of the accident; that they were standing on the topmost step leading down into the toy department; that they hesitated a little while on the top step and as her mother started to go down her heel caught in the broken linoleum and threw her down the steps; that she saw her mother's heel catch in the broken linoleum; that after her mother fell she helped her to the nurse's room and later helped her back to show her where she fell; that she noticed and examined a break in the linoleum; that it was worn and looked very dirty; that she took her mother home in a cab; that on the Monday following the accident she again went to the store of the defendant with her father, Harvey V. Avery, about 4 o'clock in the afternoon; that she showed her father the place where her mother had tripped; that the place was unchanged and in the same condition as on the previous Saturday when the accident occurred.

Harvey V. Avery, husband of the plaintiff, testified in substance that he visited the store with his daughter on the Monday following the accident; that his daughter showed him the place in the stairway where Mrs. Avery had fallen; that he examined it and found a piece of dirty broken linoleum on the top step which could be raised six inches from the floor; that the linoleum was laid over two irregular boards, the board nearest the front or riser being about one-fourth of an inch higher than the board next back of it, and the break in the linoleum was at the line between the two boards; that the linoleum was about one-eighth of an inch thick; that the break was plain and apparent—any one could see it; that the crack was about 30 inches long and one-eighth inch wide, and that it was broken entirely through for about 20 inches; that he lifted the linoleum from the floor to a height of 5 inches.

John R. Evans, a witness called by plaintiff, testified that he examined the place where the accident occurred; that at the time he saw the linoleum it was cracked for about 2½ or 3 feet and entirely broken through for about 20 inches; that it could be lifted up, and the boards beneath were irregular; that the board nearest the front or riser of the step was about one-fourth inch higher than the board next back of it; that the split was about 14 inches from the front part of the tread of the stair. Similar testimony concerning the condition of the step and linoleum was given by David Fine as a witness.

We think that this testimony was sufficient to take the case to the jury and that the trial court erred in directing a verdict against the defendant.

The instant case is governed by the principles set out in the case of Hellyer v. Sears, Roebuck & Co., 62 App.D.C. 318, 67 F.(2d) 584. In that case it appeared that the plaintiff as a customer of defendant's store was descending the stairway to go from one floor to another, when the heel of her shoe caught in the casing along the edge or nose of the step, resulting in her falling and severely injuring herself. The plaintiff testified that the heel was pulled away from the shoe and was so tightly fastened in between the casing and the edge of the step that it was necessary to pick it out, and that after this was done the metal casing remained out from the tread; that the nosing of the step was covered with strips of metal flashing which extended over the surface of the tread and

were screwed down; that the strip of flashing was "raised up a little bit" and "stuck out" and caught the plaintiff's shoe heel and held it so fast that in falling the heel was ripped from the shoe. We held that this evidence without explanation was sufficient to take the case to the jury; that the defendant owed plaintiff the duty of exercising ordinary care to so construct the stairways as to make them safe for a person using ordinary care for his own safety, and likewise owed the duty of inspecting them from time to time to keep them safe; that if the metal which covered the step was either so constructed that it extended up above the surface of the tread in such a way as to make it dangerous to a person using the steps with ordinary care, or if after construction it was allowed to become or remain in that condition, a case of negligence would arise for actual injury to an invitee. We held that the evidence was sufficient to require appellant to show that it had exercised ordinary care to see that the steps were properly constructed and that it had exercised ordinary care to see that thereafter they remained in safe condition, and that it was error to "bind the jury" at the end of the plaintiff's case.

The appellee relies upon the case of Selby v. S. Kann Sons Co., 64 App.D.C. 36, 73 F.(2d) 853. In that case the plaintiff, while engaged in buying a pair of shoes in the defendant's store, undertook to cross the floor and fell, sustaining personal injuries for which she brought suit. The plaintiff testified in her own behalf that "Mrs. Childers (the clerk) showed her a pair of shoes which were not the kind which witness wanted; that witness rose from the chair in which she had been sitting to go back to the shelves to show Mrs. Childers the kind of shoes which witness wanted; that something caught her heel and threw her forward, and when she got up and looked down she saw that there was a small rip in the binder rug facing her; that when she fell her knees struck a certain fitting stool; * * * that the carpet was not torn, but that the stitches fastening the binder to the end of the carpet had become ripped." There was no evidence as to when or how the rip occurred nor as to any knowledge of its existence by the defendant or its agents at any time prior to the accident, nor of any opportunity to acquire knowledge thereof; that the alleged defective condition of the rug consisted of a small rip in the stitches between the rug and the binding on its end; that the rug was not torn; that plaintiff saw no rip before her fall, but when she got up after her fall and looked down she saw a small rip where the stitches had given way; that under the evidence the rip may have caused the fall or the fall may have caused the rip by the plaintiff scraping her shoe along the rug, and there was nothing to indicate that the alleged defect had existed long enough to be detected by the most vigilant inspection. We held that since the evidence left in doubt the question whether the rip in the carpet had caused the fall or the fall had caused the rip, a verdict for defendant was properly directed.

We think the distinction between this case and the case at bar is very obvious, for the condition causing Mrs. Avery's fall plainly existed some time prior to her injury, and that from the evidence there was no doubt as to the manner in which the accident occurred.

Other questions are presented by the record relating to the rejection of certain expert evidence concerning linoleum, but we think there was no error in these rulings.

The judgment of the lower court is reversed with costs and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.