248

## AVERY v. S. KANN SONS CO.
### No. 6819.

United States Court of Appeals for the
District of Columbia.

Decided May 3, 1937.

Rehearing June 14, 1937.

John U. Gardiner, of Washington, D. C., for appellant.

Louis M, Denit, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a judgment of the District Court of the United States for the District of Columbia entered upon the verdict of a jury in an action for damages for personal injuries alleged to have been caused by the negligence of appellee. The case has been tried three times. The first trial resulted in a verdict for the defendant by direction of the court at the close of the plaintiff's evidence. On appeal this court held the case should have been submitted to the jury and ordered a retrial. 65 App.D.C. 127, 81 F.(2d) 261. The second trial resulted in a verdict for plaintiff, which was set aside by the trial court. The present trial, the third, resulted in a verdict for defendant, with judgment thereon. The appellant was plaintiff below, the appellee was defendant, and they will be so referred to in this opinion.

It was claimed by the plaintiff that she tripped upon a broken place in the linoleum which covered the top step of a flight of four stairs connecting the two levels of the toy department in the department store of appellee, while she was a customer therein; that the defective condition of the linoleum which caused her fall was due to the negligence of the defendant; and that she sustained severe injuries thereby.

At the trial testimony was offered by the plaintiff tending to prove that on November 18, 1933, at about 3:30 o'clock, she was in the store of defendant as a customer; that in going from one level of the toy department to a lower level in the same room she descended by the public stairway connecting the two floor levels, and in descending the stairway she caught or hooked her shoe in a break in the linoleum which covered the top step of the stairway, and was thrown headlong down upon a showcase at the bottom of the stairs; that as a consequence she was permanently injured; that the linoleum covering the top step was cracked or broken through for some 7 or 8 inches; that the crack or break was worn and dirty and the burlap under the linoleum could be seen through the break; that the linoleum was laid over two irregular boards at the top of the step; and that it was in this crack that plaintiff's shoe caught causing her to be thrown to the lower floor.

The defendant denied the charges of negligence made by the plaintiff and alleged that the injuries suffered by plaintiff, if any, were due to plaintiff's negligence and carelessness, and that plaintiff failed and neglected to use ordinary care and caution for her own safety while descending the stairway, which was then and there in good repair in all respects suitable for use, and was being used continually by persons in the store.

After the introduction of evidence by the respective parties, and the charge of the court, the jury returned a verdict for the defendant, whereupon plaintiff prosecuted this appeal.

The record discloses a single assignment of error. It is charged by appellant that the court erred in refusing to per-

mit counsel for the plaintiff to cross-examine the defendant's witnesses, employees of its store, concerning replacement of or repairs to the linoleum in question made five or six months after the accident, and after the filing of suit and service of the summons and declaration in this case.

The record discloses that the defendant called as one of its witnesses one Albert L. Farrell, who gave testimony in substance that he was a carpenter by trade and had been in defendant's employ as such for eleven years; that he assisted in constructing the steps in question in November, 1931, and had seen them almost daily since; that at the time of the accident the linoleum upon the top step was in perfect condition and did not have a crack, break, tear, hole, or blemish in it. On cross-examination the witness was asked if there had been any change in the linoleum in question since the date of the accident. This question being objected to, the court, out of the hearing of the jury, asked counsel for the plaintiff what the purpose of the question was. Whereupon counsel stated that he proposed to show that the linoleum was replaced after the defendant was served with papers in the present case some five and a half months after the accident; that William P. Collins, defendant's superintendent of maintenance, had testified at the second trial of the case that after the papers were served on the defendant in this suit he had the linoleum in question taken up and replaced; that when he replaced it it was in perfect condition and did not have a blemish in it; that he gave no explanation for replacing it; that he further testified that he did not preserve the linoleum in question, but destroyed it. Counsel for plaintiff further stated that this line of testimony was not offered for the purpose of showing an admission of negligence, but, inasmuch as the defendant claimed that the linoleum was in perfect condition at the time of the accident, and did not have a crack, break, hole, tear, or blemish in it, the plaintiff was entitled to have the jury know that it had been replaced after suit filed and served, and also know that their principal witness, Collins, had testified it had been replaced when it did not have a blemish in it, and that it had been destroyed, all as affecting the weight and credit, they, the jury, should give to the testimony of defendant's witnesses.

The court sustained defendant's objection to this testimony upon several grounds, first, that proof of the replacement of the linoleum made some five or six months after the accident was too remote to be competent, and, second, that repairs made after the accident were not admissible as evidence of negligence.

The plaintiff's counsel excepted to the court's ruling, and it was stipulated by the parties with the approval of the court that the exception should apply to all similar rulings upon the examination of the defendant's witnesses, as if made in each individual case. Thereupon the defendant called numerous witnesses who testified that the linoleum was kept in perfect condition and showed no wear or crack at the time of the accident.

The ruling of the court on the testimony sustaining the objections to the questions which plaintiff's counsel sought to propound to the witness presents the only issue before this court in the present appeal. We are of the opinion that the ruling of the court was not erroneous.

In Columbia & P. S. R. R. Co. v. Hawthorne, 144 U.S. 202, 12 S.Ct. 591, 36 L.Ed. 405, the plaintiff sought to recover damages for personal injury while employed in the operation of a trimming machine which he claimed was unsafe and defective. The trial court admitted evidence that after the accident there had been a change in the machine, and this was relied upon as error. The Supreme Court reversed the judgment for plaintiff and said (at page 207 of 144 U.S., 12 S.Ct. 591, 36 L.Ed. 405):

"Upon this question there has been some difference of opinion in the courts of the several States. But it is now settled, upon much consideration, by the decisions of the highest court of most of the States in which the question has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant. Morse v. Minneapolis & St. Louis Railway, 30 Minn. 465 [16 N.W. 358]; Corcoran v. Peekskill, 108 N.Y. 151 [15 N.E. 309]; Nalley v. Hartford Carpet Co., 51 Conn. 524 [50 Am.

250

Rep. 47]; Ely v. St. Louis, etc., Railway, 77 Mo. 34; Terre Haute & Indianapolis R. R. v. Clem, 123 Ind. 15 [23 N.E. 965, 7 L. R.A. 588, 18 Am.St.Rep. 303]; Hodges v. Percival, 132 Ill. 53 [23 N.E. 423]; Lombar v. East Tawas, 86 Mich. 14 [48 N.W. 947]; Shinners v. Proprietors of Locks & Canals, 154 Mass. 168 [28 N.E. 10, 12 L.R. A. 554, 26 Am.St.Rep. 226]."

Compare, also, Altemus v. Talmadge, 61 App.D.C. 148, 58 F.(2d) 874. In that case we said:

"The next assignment is that the court improperly admitted evidence of subsequent repairs. We think the point without merit. * * * That this evidence should better not have been offered is clear, for the rule that subsequent repairs or alterations by a defendant of a place or instrumentality is not competent evidence to show a former defective condition is now universal. The reasons for the rule are variously stated, but the fundamental reason is that for reasons of public policy the making of the repairs or alterations after an injury ought not to be construed to be an admission of a previous neglect of duty, and hence proof of such acts should not be admitted because the effect inevitably must be, as the Supreme Court said in Columbia & P. S. R. v. Hawthorne, 144 U.S. 202 [12 S.Ct. 591, 36 L.Ed. 405], * * * to distract the minds of the jury from the real issue and to create a prejudice against defendant. The question here must therefore be examined to determine if the failure of the court below in the mentioned instances to exclude the objectionable testimony had, or might have had, a prejudicial effect. * * * In view of this, we do not see that the evidence can be said to have been prejudicial. * * *"

It is contended by appellant that the cross-examination of witnesses concerning subsequent repairs at the place or to the instrumentality of the accident was competent for the purpose of testing by such cross-examination the credibility and weight to be given to their testimony upon direct examination. Inasmuch as the testimony was incompetent as proof of the alleged defective condition of the linoleum at the time of the accident, it became a question for the court to determine in the exercise of a sound discretion whether the evidence should be admitted under instructions for the purpose of testing the credibility of the witness or the weight to be given to his testimony. In the present instance the court exercised this discretion by refusing to admit the evidence for any purpose. We find no error in this inasmuch as the proposed cross-examination could not reflect upon the testimony of defendant's witnesses except upon the assumption that the linoleum was defective at the time of the accident.

It is also proper to state that testimony concerning the condition of linoleum at a given time five or six months after the occurrence of an accident at the same place might rightly be held by the trial justice to be too remote to be competent as evidence of the condition of the linoleum at the time of the accident. Especially is that true where the linoleum was upon the floor of a retail storeroom which daily was thronged with people and was subjected to unusual wear.

The judgment of the lower court is affirmed, with costs.

Affirmed.

Mr. Justice STEPHENS concurs in this result.