CLARK et al. v. LANSBURGH & BRO., Inc.

No. 5672.

District Court of the United States for the District of Columbia.

May 17, 1941.

S. Preston Smith and Rowland Edwards, both of Washington, D. C., for plaintiffs.

Simon, Koenigsberger & Young, of Washington, D.C., for defendant.

PINE, District Judge.

At the trial of this action the jury returned a verdict for the defendant in the case of Alice E. Clark against Lansburgh & Bro., Inc., and for plaintiff in the amount of $500 in the case of Samuel Clark against Lansburgh & Bro., Inc.

The plaintiff Alice E. Clark claimed damages for injuries sustained by reason of a fall in the department store operated by defendant. The plaintiff Samuel Clark claimed damages for medical expenses, loss of services, etc., incident to the injuries to Alice E. Clark, his wife, as the result of such fall.

The plaintiffs brought one action under Rule 20, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The defendant, on the last day allowed under the rules, and presumably under Rule 50(b), F.R.C.P., filed and served by mailing a motion to enter judgment against the plaintiff Samuel Clark, or, in the alternative, to grant a new trial in the case of Samuel Clark. The grounds of said motion are as follows: (1) There was no evidence of negligence on the part of defendant; (2) The evidence showed plaintiff Alice E. Clark was guilty of contributory negligence as a matter of law; and (3) The verdict in favor of plaintiff Samuel Clark is inconsistent with the verdict against plaintiff Alice E. Clark.

Several days later, after the time for moving for a new trial had expired, plaintiff Alice E. Clark moved the court for a new trial in the event a new trial should be granted in the case of Samuel Clark. The ground for this motion is that if a new trial should be granted in the case of Samuel Clark on the ground that the verdict is inconsistent with the verdict in the case of Alice E. Clark, then she likewise should be granted a new trial.

The motion of plaintiff Alice E. Clark for a new trial in her case cannot be granted because it was filed and served too late, and it accordingly is denied. Rule 59(b), F.R.C.P.

In respect of the motion to enter judgment against the plaintiff Samuel Clark, I am of the opinion that there was sufficient evidence to justify submitting to the jury the question of whether the defendant was guilty of negligence in permitting its floor near its entrance door to become and remain in a wet, slippery and dangerous condition and in failing to warn its customers of such condition after the

defendant knew, or, in the exercise of reasonable care, should have known, that the floor was in such condition.[1] This is not a case of a fall being occasioned by a banana peel or by a wet or greasy spot appearing on the floor without evidence of the length of time such a condition· existed.[2] On the contrary, there was evidence in this case that it had been raining for some time prior to the accident and that the condition complained of was of a character caused by the wet feet, dripping clothes and wet umbrellas of customers entering the store. The testimony of plaintiff Alice E. Clark, if it be believed, as it evidently was, described a condition which only could have been caused by accretion over a substantial period of time prior to the accident.[3] Neither is there merit in the claim that plaintiff Alice E. Clark was guilty of contributory negligence as a matter of law.[4]

█ In respect of the claim of inconsistency in the verdicts, the action involved two cases, one by the plaintiff Alice E. Clark and the other by her husband. The fact that the verdicts may be inconsistent is not sufficient ground for granting either the motion to enter judgment n.o.v., or the motion for a new trial in the case brought by Samuel Clark. Consistency in the verdict is not necessary.[5]

Both motions of defendant are accordingly denied.

---

[1] Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Jackson v. Capital Transit Co., 69 App.D.C. 147, 99 F.2d 380; Schwartzman v. Lloyd, 65 App.D.C. 216, 82 F.2d 822.

[2] F. W. Woolworth Co. v. Williams, 59 App.D.C. 347, 41 F.2d 970; Selby v. S. Kann Sons Co., 64 App.D.C. 36, 73 F.2d 853.

[3] Pessagno v. Euclid Investment Co., 72 App.D.C. 141, 112 F.2d 577; Avery v. S. Kann Sons Co., 65 App.D.C. 127, 81 F.2d 261; Hellyer v. Sears, Roebuck & Co., 62 App.D.C. 318, 67 F.2d 584; Sears, Roebuck & Co. v. Johnson, 10 Cir., 91 F.2d 332; Great Atlantic & Pacific Tea Co. v. Chapman, 6 Cir., 72 F.2d 112; Sears, Roebuck & Co. v. Peterson, 8 Cir., 76 F.2d 243; Holmes v. Ginter Restaurant, 1 Cir., 54 F.2d 876; Flora v. Great Atlantic & Pacific Tea Co., 1938, 330 Pa. 166, 198 A. 663; Restatement of Law of Torts, § 343.

[4] Walker v. Dante, 61 App.D.C. 175, 58 F.2d 1076; Lord Baltimore Filling Stations, Inc., v. Miller, 71 App.D.C. 376, 110 F.2d 698; Great Atlantic & Pacific Tea Co. v. Chapman, supra; Flora v. Great Atlantic & Pacific Tea Co., supra; Restatement of Law of Torts, § 343.

[5] Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161; Borum v. United States, 284 U.S. 596, 52 S.Ct. 205, 76 L.Ed. 513; Ramer v. Hughes, 131 S.C. 488, 490, 127 S.E. 565; Crichton v. United States, 67 App. D.C. 300, 92 F.2d 224. Cf.: Blakewood v. Yellow Cab Co. et al., 61 Ga.App. 149, 6· S.E.2d 126; Kraut v. Cleveland R. Co., 132 Ohio St. 125, 5 N.E.2d 324, 108 A.L.R. 521; Laskowski v. People's Ice Co., 203 Mich. 186, 168 N.W. 940, 2 A.L.R. 586; Asa Brierly v. Union R. Co., 26 R.I. 119, 58 A. 451; Duffee v. Boston Elevated R. Co., 191 Mass. 563, 77 N.E. 1036; Womach v. City of St. Joseph, 201 Mo. 467, 100 S.W. 443, 10 L.R.A.,N.S., 140.