**HECHT CO., Inc., v. HARRISON.**

**No. 8315.**

United States Court of Appeals for the
District of Columbia.
Argued April 12, 1943.
Decided July 9, 1943.

Mr. Leroy S. Bendheim, of Washington, D. C., with whom Messrs. Lawrence Koenigsberger and Lewis Jacobs, both of Washington, D. C., were on the brief, for appellant.

Mr. Ralph A. Cusick, of Washington, D. C., for appellee.

Before VINSON, EDGERTON, and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal by the defendant from a judgment for the plaintiff in a personal injury suit. A difference in floor level between two parts of appellant's store was accommodated by a ramp about 22 inches wide which extended lengthwise through an aisle. The height of the ramp was variously stated as 1¾ and 2½ inches. It was covered with linoleum about 3/16 of an inch thick. On its lower side the ramp sloped downward about ½ inch in 5 inches. At the lower edge of the ramp the linoleum was covered by a thin strip of brass. This strip was not level but sloped downward toward the uncovered floor. The drop at the edge was about 3/16 of an inch. No sign or other warning called attention to the ramp or its edge. Appellee, a customer in the store, had occasion to walk parallel with this edge, stepped on it, turned his ankle, lost his balance and was injured. Thousands of customers walked through the aisle, before and after the accident, without injury. About a year later the place was converted into a carpenter shop and ceased to be open to the public.

Storekeepers must use reasonable care to make their floors safe for customers.[1] Whatever may be said of an unusually low step,[2] or a step in an unusual position,[3] or an outside ramp which connects an outer door with a sidewalk,[4] we think the jury were justified in finding that the ramp here involved[5] was not reasonably safe.

The court allowed a view of the premises. Appellant complains of this on the ground that conditions had changed. The linoleum had become worn and dust had accumulated since the accident, but it does not appear that any change material

[1] Hellyer v. Sears, Roebuck & Co., 62 App.D.C. 318, 67 F.2d 584; Young Men's Shop v. Odend'hal, 73 App.D.C. 354, 121 F.2d 857.

[2] Bell v. Central Nat'l Bank, 28 App. D.C. 580.

[3] Dickson v. Emporium Mercantile Co., Inc., 193 Minn. 629, 259 N.W. 375; Haddon v. Snellenburg, 293 Pa. 333, 143 A. 8.

[4] Hogan v. Metropolitan Bldg. Co., 120 Wash. 82, 206 P. 959; Mullen v. Sensenbrenner Mercantile Co., Mo.Sup., 260 S. W. 982, 33 A.L.R. 176.

[5] Cf. Lunny v. Pepe, 116 Conn. 684, 165 A. 552.

to the risk had occurred. In fact appellant's counsel told the jury that the floor was just as it had been at the time of the accident. Appellant also complains of measurements and discussions which took place during the view. If there was any error in the conduct of the view it was not prejudicial,[6] since nothing material occurred which was not also covered by testimony in open court.

Affirmed.

Associate Justice VINSON took part in the consideration of this case and agreed in the result, but resigned before the opinion was written.

---

[6] Cf. City of Emporia v. Juengling, 78 Kan. 595, 96 P. 850, 19 L.R.A.,N.S., 223.