## BRODSKY v. SAFEWAY STORES, Inc.
### No. 243.

Municipal Court of Appeals for the
District of Columbia.

Jan. 29, 1945.

Mark P. Friedlander, of Washington, D. C. (Jack Politz, of Washington, D. C., on the brief), for appellant.

Richard W. Galiher, of Washington, D. C. (Henry I. Quinn, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

The action below was for damages for personal injuries sustained by plaintiff from a fall in one of defendant's self-service stores. Plaintiff entered the store to purchase groceries and shortly after passing the turnstile stepped on some string beans, slipped and fell. There was no evidence of how the beans came to be on the floor or how long they had been there. At the close of plaintiff's testimony the trial court directed a verdict for the defendant, holding that the case was controlled by the decision in F. W. Woolworth Co. v. Williams, 59 App.D.C. 347, 41 F.2d 970. Plaintiff has appealed.

Conceding that the facts of this case are very similar to those in the Woolworth case, plaintiff contends that the law properly applicable to the present case is that laid down in Hellyer v. Sears, Roebuck & Co., 62 App.D.C. 318, 67 F.2d 584.

In the Woolworth case a customer testified that she slipped on a raised oval-shaped spot and was caused to fall. Holding that a store owner is not an insurer of the safety of customers while in the store, the court reversed a judgment in plaintiff's favor saying [59 App.D.C. 347, 41 F.2d 971]:

"Until it is established that the accident was occasioned through the negligence of defendant's employees, or as the result of the existence of a condition of which defendant had either actual or constructive notice, there can be no recovery. * * *

"Plaintiff cannot sustain her case by merely showing that a spot was there. The burden rests upon her to establish its presence under circumstances which would charge defendant with responsibility therefor. This she failed to do, but rested her case solely on the existence of the spot on the floor."

In the Hellyer case the customer testified that while descending the stairs in a newly opened store, the heel of her shoe caught in the casing along the edge of a step, causing her to fall. A strip of flashing along the nosing of the step was raised up and stuck out in such manner as to catch her shoe heel. The court, reversing a judgment entered on a directed verdict for the defendant, said:

"Appellant was an invitee, and as such, appellee owed her the duty of exercising ordinary care to so construct the stairways as to make them safe for a person using ordinary care for his own safety, and likewise owed the duty of inspecting them from time to time to keep them safe. If the metal covering the step nosing was either so constructed that it extended up above the surface of the tread in such a way as to make it dangerous to a person using the steps with due care, or if, after construction, it was allowed to get and remain in that condition, a case of actionable negligence would arise for an injury to an invitee." [1]

[1] Cf. Avery v. S. Kann Sons Co., 65 App.D.C. 127, 81 F.2d 261; Young Men's Shop v. Odend 'Hal, 73 App.D.C. 354, 121 F.2d 857; Hecht Co. v. Harrison, 78 U.S.App.D.C. 93, 137 F.2d 687; Lippman v. Williams, 1945, — U.S.App. D.C. —, 147 F.2d 150.

Plaintiff's contention is that the Hellyer case, decided three years after the Woolworth case, laid down a rule different from that stated in the Woolworth case, and, in effect, overruled the latter case.

The Hellyer case did not refer to the Woolworth case and we find nothing in the decision indicating an intention to overrule or in any degree limit the principle laid down in the Woolworth case. Nor do the later decisions indicate such an intention.

In Selby v. S. Kann Sons Co., 64 App. D.C. 36, 73 F.2d 853, the court discussed both the Hellyer and the Woolworth cases, pointing out that the breach of duty alleged in the Hellyer case was defective construction rather than negligent maintenance, and applying the principle of the Woolworth case to the facts of the case then under consideration. In Fisher v. Washington Coca-Cola Bottling Works, Inc., 66 App.D.C. 7, 84 F.2d 261, 105 A.L.R. 1034, the Woolworth case was distinguished but without suggestion that its doctrine had been impaired by the Hellyer case. In Sanitary Grocery Co., Inc. v. Snead, 67 App. D.C. 129, 90 F.2d 374, certiorari denied, 302 U.S. 703, 58 S.Ct. 22, 82 L.Ed. 543, the facts were similar to the instant case with the exception that there was evidence showing knowledge on the part of the employees of the store that the vegetable matter had been on the floor for a considerable length of time. In affirming judgment for the plaintiff, the court did not cite the Woolworth case but there is nothing in the decision to indicate any change in its principle. It seems plain that the doctrine of the Woolworth case would have been applied except for the evidence showing notice to the store of the dangerous condition created by the vegetable matter on the floor. The Woolworth case has been cited with approval in the Ninth and Tenth Circuits. Sears, Roebuck & Co. v. Johnson, 10 Cir., 91 F.2d 332; Montgomery Ward & Co. v. Lamberson, 9 Cir., 144 F.2d 97.

Our conclusion is that the principle of the Woolworth case has not been restricted or limited by subsequent decisions and remains authority in this District. And we see no real difference between the facts in this case and those in the Woolworth case. There the plaintiff failed because she showed only the existence of the spot on the floor without showing how it got there, how long it had been there or any other circumstance from which actual or constructive notice could be fastened on defendant. Here, if we substitute "string beans" for "spot" we have the same factual and legal picture. The trial court properly directed a verdict.

Affirmed.

