**Mrs. Carlton K. EBHARDT, Appellant,**

v.

**SAFEWAY STORES, INCORPORATED, Appellee.**

No. 7011.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1955.

Decided Nov. 16, 1955.

John G. Drake and Edward S. Whitaker, Arlington, Va., for appellant.

Arthur B. Hanson, Washington, D.C. (Emmett E. Tucker, Jr., John F. Doyle, Washington, D.C., and W. W. Koontz, Alexandria, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Mrs. Carlton K. Ebhardt (hereinafter called Ebhardt) brought a civil action in the Corporation Court of the City of Alexandria, Virginia, against Safeway Stores, Incorporated, (hereinafter called Safeway), a Maryland corporation. Upon petition of Safeway, the cause was removed to the United States District Court for the Eastern District of Virginia and a jury trial was held. The suit asked compensation for damages allegedly done by rats to Ebhardt's property and for personal injuries allegedly sustained by her as a result of nervousness induced by the presence of rats upon her property. At the conclusion of the presentation of Ebhardt's case, the District Court granted Safeway's motion for a directed verdict on the ground that even if it be assumed that Safeway had created a nuisance, Ebhardt offered no substantial evidence to show that such nuisance was the proximate cause of the rats in her house. Ebhardt has duly appealed to us.

The main question involved on this appeal is whether the District Court erred in taking the case away from the jury. We think that it did not, and the judgment of the District Court must be affirmed.

The evidence revealed that the Ebhardt premises were separated from the Safeway store and lot in Alexandria, Virginia, by a narrow strip of land. Apparently neither party owned this strip, although Safeway had a right-of-way over it and laid down a cement slab upon a portion of it sometime after opening its store in 1939. Ebhardt complained that a colony of rats lived under this slab, feasted upon Safeway's garbage, and damaged her house and the tranquility of her home.

Although Ebhardt had resided on these premises with her husband and children since 1942, she apparently was not confronted with the problem of rats until 1953, when Safeway remodeled its store. There was testimony to the effect that sometime during this period of remodeling, covering a period of some two weeks, garbage and filth were allowed to accumulate in open cans outside the store, some of which spilled out onto the lot. On several other occasions garbage was seen scattered about the premises.

Further evidence adduced by Ebhardt showed actual damage to her house, that rats ran throughout it at will, and that as a result thereof her family life was greatly disturbed. Cross-examination of Ebhardt's witnesses revealed that rats lived under her house, were seen there, and that the ground underneath was riddled with rat holes. The evidence showed that other areas in the City of Alexandria, a river town, were infested with rats. There was testimony, too, that rats had been observed coming from the Safeway premises and from the concrete slab onto the Ebhardt premises. In effect, this constituted the evidence before the District Judge upon the completion of Mrs. Ebhardt's case, when the District Court granted Safeway's motion for a directed verdict.

When reviewing a directed verdict, the evidence must be considered in the light most favorable to the plaintiff. This is exactly what the District Judge did when he assumed that even if Safeway did create a nuisance, there was no proof to establish that such condition caused the presence of the rats in the Ebhardt house, since there were so many other equally probable causes for the presence of the rats. He ably explained his reasons to the jury as follows:

"If we assume that the defendant has allowed refuse, garbage, and trash to collect on its premises, and let us assume further that that created a nuisance, the burden is still upon the plaintiff to show by a preponderance of the evidence that that was the cause of the rats in the plaintiff's house. Now there may have been a nuisance on the premises of the defendant, but there is no evidence here to show that that was the proximate cause of the rats in the plaintiff's house. That will appear to you and you further realize that the plaintiff must show in order to recover that the nuisance was the proximate cause of the injury to the plaintiff.

"Now if there are other causes equally proximate, the plaintiff cannot recover unless he shows that the one that he complains about was the real cause, because otherwise the jury would simply be guessing at which was the cause. I think you would readily recognize that rats in a house can be caused by numerous conditions, and the evidence does not exclude those causes as being equally probable, as the plaintiff's complaint, so the jury would just be guessing between what the causes were, and a verdict cannot stand on guesswork."

With this reasoning, we agree. See, for a general application of this rule, Patton v. Texas & Pacific Railway Company, 179 U.S. 658, 21 S.Ct. 275, 45 L.Ed. 361; Selby v. S. Kann Sons Co., 64 App.D.C. 36, 73 F.2d 853. This is the law in Virginia, Chesapeake & Ohio Railway Co. v. Seay, 195 Va. 566, 572, 79 S.E.2d 631, 634, and it has been applied by at least one state court to the problem of rats. Gedra v. Dallmer Company, 153 Ohio St. 258, 91 N.E.2d 256, 17 A.L.R.2d 453.

■■ The question of the creation or maintenance of a nuisance by Safeway loses its importance upon the failure of Ebhardt to establish a causal connection between her injuries and this alleged nuisance. The evidence revealed that the Ebhardt premises were infested with rats, that at times garbage and food particles were left exposed on Safeway's lot; the rest was left to inference. Traditionally, rats have been the problem of the individual property owner upon whose property rats chose to go and have been considered as wild animals or animals *ferae naturae*. See Stearn v. Prentice Bros., Limited (1919) 1 K.B. 394, 9 B.R.C. 535 (Div Ct.) for a discussion of the common law rules on this subject. Ebhardt was advised by one of her own witnesses, an exterminator, that the rats could be eliminated for $150. She declined this offer. In seeking relief before the District Court, Ebhardt failed to show by a preponderance of the evidence that the actions of Safeway constituted the proximate cause of the presence of the rats in her house.

The judgment of the District Court is affirmed.

Affirmed.