Ramsey Patrick CAMERON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20231.

United States Court of Appeals Fifth Circuit.

July 24, 1963.

---

Walter L. Nixon, Jr., Biloxi, Miss., for appellant.

Robert S. Hauberg, U. S. Atty., Jackson, Miss., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before RIVES and GEWIN, Circuit Judges, and SHEEHY, District Judge.

GEWIN, Circuit Judge.

On June 23, 1944, the appellant and his co-defendant, Ladner, were found guilty by a jury in the U. S. District Court for the Southern District of Mississippi of assaulting two federal officers with a deadly weapon in violation of former 18 U.S.C.A. § 254.[1] They were sentenced to a term of two years under Count One charging a conspiracy to commit an assault; to ten years under Count Two charging an assault on Officer Reed; and to ten years under Count Three charging an assault on Officer Frost. The two year sentence under Count One was to run concurrently with the ten year sentence under Count Two. The ten year sentence under Count Three was to run consecutively to the ten year sentence under Count Two; making a total sentence to be served of 20 years. Reed and Frost were agents of the Alcohol Tax Unit of Internal Revenue Service and were in the performance of their duties as such when ambushed and shot by Ladner and the appellant.

After serving a portion of the sentence imposed, Ladner filed a petition in the District Court pursuant to Title 28, § 2255 seeking to correct or set aside the second ten year sentence; contending that he had fired only one shot and committed only one assault. The District Court and the Court of Appeals denied Ladner relief, but the case was reversed by the Supreme Court in Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958).[2]

It was noted by the Supreme Court that the factual issues were not clear, since the original trial was held at a time when no transcript of record was required to be made and that the number of shots fired was not shown by the record; whereas, Ladner claimed that only one shot was fired. The Supreme Court stated in the Ladner case: " * * * that the single discharge of a shotgun alleged by the petitioner in this case would constitute only a single violation of § 254." This was held to be true even though the alleged single discharge from the gun wounded two federal officers. The Supreme Court there decided that there was a necessity for the determination of the factual questions and that a hearing should be held at which the petitioner was entitled to be present, and sufficient evidence taken to reconstruct the trial record as related to the questions involved. The Ladner decision was limited to the facts and contentions of the petitioner.

After the Ladner decision, the appellant Cameron filed a motion under the same statute to set aside the second ten year sentence imposed upon him.[3] The District Court conducted a full scale hearing during which Cameron was present in person and was represented by two attorneys—one chosen by Cameron

---

1. Former 18 U.S.C.A. § 254 is now codified as 18 U.S.C.A. § 111.

2. See Ladner v. United States, 5 Cir. 1956, 230 F.2d 726.

3. For an earlier proceeding under 28 U.S. C.A. § 2255 see United States v. Cameron, D.C., 84 F.Supp. 289.

who represented him at the initial trial, and one appointed by the Court at the request of Cameron. A number of witnesses testified, including Officers Reed and Frost. Photographs of the automobile in which the officers were riding when the assault began were introduced in evidence. The Judge made findings of fact and conclusions of law; and entered an order denying the relief sought. The Court found:

> "The evidence shows, and I find as a fact, that the shots came from different directions, that is to say somewhat apart from each other, showing that two men were doing the shooting at each officer.

> \* \* \* \* \* \*

> "When Reed opened the door, of course they were shooting into the car and some of the shot scattered and struck the windshield, some struck Reed and some struck Frost. The evidence is clear and I find as a fact that the defendants were shooting at each one of the officers individually in an attempt to kill and murder each one of those officers.

> \* \* \* \* \* \*

> "So it is a reasonable inference, and I find as a fact, that as many as five shots were fired by the defendants.

> \* \* \* \* \* \*

> "I find as a fact that this is a sufficient reconstruction of the trial record as it was produced at the trial of the two defendants when it was tried on its merits before a jury. The point being urged in the motion is that only one shot was fired, and while I have gone somewhat further than that in the reconstruction of the trial of the case on its merits than determining that one issue, at least evidence has been introduced which clearly reproduces how many shots were fired.

> \* \* \* \* \* \*

> "I conclude as a matter of law that two separate and distinct assault and batteries were committed upon two officers separately \* \* \*."

We conclude that the District Judge, guided no doubt by the decision of the Supreme Court in the Ladner case, wisely and patiently conducted a fair and full hearing in this case at which ample evidence was presented to sufficiently reconstruct the record of the trial, and to sustain the trial court's findings of fact and his conclusion of law that two offenses were actually committed.

The judgment of the District Court is affirmed.