UNITED STATES of America,
Plaintiff-Appellee,

v.

Aaron Ronald WILLIAMS, a/k/a Ronnie Williams, Defendant-Appellant.

No. 71–1008

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 9, 1971.

Rehearing Denied Sept. 3, 1971.

Barry N. Semet, Miami, Fla. (Ct.Ap-ptd.), for defendant-appellant.

Robert W. Rust, U. S. Atty., Jerome B. Ullman, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM,** COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Defendant Williams was convicted of four separate counts, each for assaulting a different federal officer, in violation of 18 U.S.C. § 111, by throwing rocks at them. Williams and another were fishing in restricted waters. A Coast Guard boat with the four officers on board approached the boat in which Williams was fishing; the latter "took off at high speed," and the Coast Guard vessel gave chase for 10 or 15 minutes. The civilian boat ran onto a dock and Williams and the other fled onto the land. The officers testified that after they ordered Williams and the other man to stop the two men turned and started throwing rocks at the officers. They threw fifteen to twenty rocks. Two of the officers and the boat were struck by the rocks. Williams and the other fled and were apprehended several days later. Upon being found guilty of four counts of assault, Williams was sentenced to one year on each count, to run consecutively.

Williams' first argument is that under Ladner v. United States, 1958, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199, he can be convicted of only one offense rather than four. There is no merit to this contention. In *Ladner* the Court

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

** Judge Wisdom participated in the decision to place this case on the Summary Calendar and to affirm the judgment of the court below. He did not participate in the preparation or rendition of this opinion, 28 U.S.C. § 46(d).

assumed that the defendant had been convicted of two offenses for firing a shotgun once and striking two officers. On remand the district court found that the defendant had shot the gun more than once and affirmed the two convictions and consecutive sentences. This Court affirmed. Cameron v. United States, 5 Cir. 1963, 320 F.2d 16. In several more recent cases under this same statute this Court has held that when the defendant does more than one act resulting in an assault of more than one officer he may be charged separately for each officer. *See* Vera v. Beto, 5 Cir. 1970, 422 F.2d 1052; Thorne v. United States, 8 Cir. 1969, 406 F.2d 995. In this case Williams threw rocks at the agents 15 or 20 different times. This is sufficient to support 4 separate convictions.

Second, appellant objects to the government's attempt on cross examination to impeach his main witness, Wayne Hensel. Hensel testified that he thought the rocks came from a direction other than where the defendant was standing. The prosecutor asked him the following questions:

"Q. Have you ever been chased by the Coast Guard?

"A. Yes.

"Q. Have you ever had difficulties with the Coast Guard?

"A. Yes.

"Q. And does that in any way affect your ability to be completely impartial as far as the Coast Guard is concerned as to what they do? You don't like the Coast Guard, do you?

"A. I don't have anything against them. They chase everybody out there that drops nets.

"Q. And what have they done to you as a result of your being chased by them or having difficulties with them?

"A. I have gotten tickets before.

"Q. And have there been any results other than just tickets and fines?

"A. No.

"Q. How many times have you been stopped by the Coast Guard, sir?

"A. I don't know the exact number.

"Q. A lot?

"A. Not that much.

"Q. Well, they checked you for routine checks?

"A. Quite a few times.

"Q. You say you don't really have anything against the Coast Guard. You are not particularly fond of them, are you?

"A. They serve their purpose.

"Q. And how do you feel about law enforcement personnel in general?

"A. I don't have anything against them.

"MR. PAPY: I think that is an improper question. It has nothing to do with this case.

"THE COURT: Objection overruled.

"A. I don't have anything against law enforcement."

BY MR. MARTINEZ:

"Q. Have you had any personal contact with the law enforcement people that would let you have an opinion like this?

"A. Yes, I have.

"Q. And you have nothing against law enforcement people?

"A. No, I don't.

"Q. They always treated you courteously and very nicely?

"A. Yes." (SR. 132–36)

■ Appellant cites the case law to the effect that proof of past convictions is admissible for impeachment only when they involve moral turpitude. But we think that rule is not in point here. Those cases deal with admissibility of past violations of the law, unconnected with the present case, to show the witness' disposition to lie. What is at issue in this case is the showing of the witness' own contact with the Coast Guard, which might have biased his

…

view, just as his friendship with the defendant might have. This information is directly related to the witness' credibility. There was no error in bringing out this information on cross-examination in trying to show bias. See Surrett v. United States, 5 Cir. 1970, 421 F.2d 403, 406.

As noted, supra, the evidence is sufficient to support 4 separate convictions under Title 18, U.S.C., Section 111, inasmuch as four officers were on board the Coast Guard vessel which approached Williams' fishing boat and suffered the later pelting with fifteen or twenty rocks at the hands of Williams and his co-defendant. The length of sentence is of course a matter committed to the trial court's unfettered discretion, but the sentence imposed here for what was essentially a single offense may, upon reflection by the trial judge, appear to him to be unnecessarily severe. The appellant has a right within 120 days from the time our mandate goes down to move the trial court under Rule 35, F.R.Crim. P. for a reduction of his sentence. We are confident that if such a motion is made it will be given appropriate and careful consideration by that court.

Affirmed.