**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos Vasquez MORENO, Defendant–Appellant.**

**No. 80–1457
Summary Calendar.**

United States Court of Appeals, Fifth Circuit. Unit A

Nov. 12, 1980. Rehearing Denied Dec. 15, 1980.

Carlos V. Moreno, pro se.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff–appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

Appellant Moreno was convicted of four counts of assaulting federal officers in violation of 18 U.S.C. § 111. Counts one and two involved driving an automobile so that he "did forcibly impede, intimidate, and interfere with" two United States Customs Patrol Officers who were riding in an official government vehicle as part of their duties. Each count involved the assault against one of the two named customs officers. Counts three and four involved the display of a machete in a way that "did forcibly assault, resist, oppose, impede, and intimidate" each of the two named customs patrol officers.

These convictions were affirmed by this Court in *United States v. Moreno*, 566 F.2d 105 (5th Cir. 1978).

Later Moreno filed a Rule 35 Motion to Correct an Illegal Sentence. His sentences as finally corrected by the trial court provided for concurrent three year terms for the convictions under counts one and two and a consecutive term of three more years for the conviction under count three. The conviction on count four was ordered vacated. This meant that Moreno was sentenced to a total of six years on the three counts. He appeals these sentences on the grounds that the consecutive sentences violate his constitutional rights and are in violation of federal law.[1]

The government raises issues concerning the timely filing of this appeal. Moreno raises fundamental constitutional and legal questions however which can justify treating this appeal as a petition under 28 U.S.C. § 2255. *Moss v. United States*, 263 F.2d 615 (5th Cir. 1959).

On the merits appellant–petitioner Moreno contends that consecutive sentences growing out of the same overall episode violate his constitutional and legal rights. Moreno relies upon cases which deny the right to consecutive sentences where there was one episode which constituted two offenses which merged the lesser offense into the greater. *Whalan v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), or where one continuous assault was carried out against one person but by various means, *Smith v. United States*, 418 F.2d 1120 (D.C.Cir.1969), *cert. denied*, 396 U.S. 936, 90 S.Ct. 280, 24 L.Ed.2d 235 (1969), or where a single assault was directed against more than one officer. *Ladner v. United States*, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958).

In this case, however, Moreno was found guilty of two separate assaults carried out by separate means. One was assault by automobile and the other was a threatening assault with a machete after both automobiles had stopped and those in the automobiles had gotten out and were confronting each other. It is for these two separate assaults that the consecutive three year sentences were given. These consecutive sentences are lawful. *United States v. Williams*, 446 F.2d 1115 (5th Cir. 1971); *Cameron v. United States*, 320 F.2d 16 (5th Cir. 1963).

Treating Moreno's claim as an appeal, the decision of the District Court is AF-

---

1. Moreno does not challenge the convictions and the two concurrent three year sentences under counts one and two which grew out of an assault by automobile directed against the two officers in the government car, each named in a separate count.

   In any event no adverse collateral consequences appear to flow from the concurrent sentences under counts one and two. Guilt or innocence is not at issue nor did the counts involve disparate offenses in nature or severity. *See United States v. Rubin*, 591 F.2d 278, 281 (5th Cir. 1979), and see the thorough discussion of the concurrent sentence doctrine in *United States v. Warren*, 612 F.2d 887, 891–96 (5th Cir. 1980) (Roney and Hill, JJ., concurring and dissenting).

FIRMED. Treating Moreno's claim as a petition under 28 U.S.C. § 2255, the petition is DENIED.