**Louise E. FOY et al., Appellants,**

v.

**Isaac FRIEDMAN et al., Appellees.**

**No. 15602.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 13, 1960.

Decided July 14, 1960.

Mr. I. Irwin Bolotin, Washington, D. C., with whom Messrs. Morris Benson and Philip J. Lesser, Washington, D. C., were on the brief, for appellants.

Mr. Justin L. Edgerton, Washington, D. C., with whom Messrs. Charles E. Pledger, Jr., Randolph C. Richardson and

John F. Mahoney, Jr., Washington, D. C., were on the brief, for appellees.

Before PRETTYMAN, Chief Judge, and BAZELON and BURGER, Circuit Judges.

BURGER, Circuit Judge.

The questions presented by this appeal arise out of denial by the District Judge of certain instructions requested by the appellants as plaintiffs in damage actions for personal injuries suffered when Mrs. Foy slipped and fell in front of a store owned and operated by appellees.

The evidence shows that appellees operated a small grocery store with a counter for baskets of fresh vegetables on a platform at the entrance of the store. Customers would select their vegetables and carry them to a point 5 to 8 feet distant from the outside counter to the inside of the store to be weighed and wrapped. There was testimony that portions of leafy vegetables were dropped and often observed at and about the entrance to the store near the outside vegetable counter. Mrs. Foy was a regular customer who had visited the store about twice a week for some time and another witness observed that there was usually vegetable debris in front of the vegetable counter.

Mrs. Foy slipped on a collard leaf and was injured in a fall on the concrete just at the entrance of the store. Her claim is that appellees negligently failed to keep the passageway in a reasonably safe condition. Appellees contended first, absence of negligence and second, contributory negligence. The jury returned a verdict for the appellees, defendants in the District Court.

The points on appeal involve certain requests for jury instructions made by appellant and denied by the trial court.

Appellants requested an instruction to the effect that the store proprietor was under a duty to take "more than the usual precautions" to keep the approaches to the store in a safe condition, and that a "higher degree" of care may have been necessary due to the nature of the area. Instead, the Court instructed that the proprietor of a store owes his customers "the duty of exercising reasonable care to keep the store in a reasonably safe condition for their use." Enlarging on that he stated:

"Negligence is not an absolute term but a relative one * * * an act that is negligent under one set of circumstances, might not be so under another. Therefore, to arrive at a fair standard, we ask what conduct might reasonably have been expected of a person of ordinary prudence under the same circumstances.

\* \* \* \* \* \*

"Dealing further with this question of the duty of the defendants, in using the outside of their store in connection with their grocery market business, they assumed the duty of using ordinary care and diligence in maintaining the area so used and the area immediately adjacent thereto in a reasonably safe condition for the safety of their customers."

He also instructed that in passing on the issue of appellee's negligence, "the conduct of the party must be considered in the light of all the surrounding circumstances."

■■ Plaintiffs' request to the effect that a "higher degree" of care was required is not a correct statement of the law. See Hecht Co. v. Jacobsen, 1950, 86 U.S.App.D.C. 81, 180 F.2d 13. The standard of "reasonable or ordinary care in the circumstances" is a constant standard, though it possesses needed flexibility to cover differing situations. "Ordinary care" means "reasonable care" in the particular circumstances. The greater the hazard created by the acts or omissions of one charged with a duty, the greater is the duty to afford protection reasonable in the circumstances.

"The care required is always reasonable care. This standard never varies, but the care which it is reasonable to require of the actor varies with the danger involved in his act and is proportionate thereto. The

greater the danger, the greater the care which must be exercised.

"As in all cases where the reasonable character of the actor's conduct is in question, its utility is a matter to be weighed against the magnitude of the risk which it involves. * * * The amount of attention and competence required varies with the magnitude of the harm likely to be done if care is not exercised, and with the utility of the act. Restatement, Torts § 298, comment a (1934).

See also S. S. Kresge Co. v. McCallion, 8 Cir., 1932, 58 F.2d 931; Gilbert v. Duluth General Electric Co., 1904, 93 Minn. 99, 100 N.W. 653. But to characterize this difference as one of standards is to fragmentize the law of negligence and confuse the jury in its deliberations. The standard is constant; it is the circumstances which dictate whether the standard has been met. See Hecht Co. v. Jacobsen, supra.

■■ Requested instruction No. 7 to the effect that the store proprietors were under a duty "to keep that area clean from vegetable debris *at all times* and to guard against the creation of a dangerous condition" was properly denied. (Emphasis added.) Such an instruction would, in effect, charge appellees with the duty of insurers and impose a duty substantially beyond "ordinary care." F. W. Woolworth Co. v. Williams, infra; Brodsky v. Safeway Stores, Inc., 1945, 80 U.S.App.D.C. 301, 152 F.2d 677; Safeway Stores, Inc. v. Preston, 1959, 106 U.S.App.D.C. 114, 269 F.2d 781. The latter part of the requested instruction on the duty to guard against dangerous conditions was correct but that, too, was adequately covered by the court in his statement that appellants were obliged to show that appellees had "actual or constructive notice of the presence of the collard leaf on the pavement in time to have discovered its presence and to have taken precautions against it * * [and] in time to take action to guard against it."

We conclude that while the instructions might well have contained a more complete discussion of the elements of the duty of reasonable care, they were not erroneous. F. W. Woolworth Co. v. Williams, 1930, 59 App.D.C. 347, 41 F.2d 970; Hellyer v. Sears, Roebuck & Co., 1933, 62 App.D.C. 318, 67 F.2d 584; Lord Baltimore Filling Stations, Inc. v. Miller, 1940, 71 U.S.App.D.C. 376, 110 F.2d 698.

Affirmed.