**Lydia V. FULLER et al., Appellants,**

v.

**GIANT FOOD, INC., (a body corporate), Appellee.**

**No. 16974.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 11, 1962.

Decided Nov. 1, 1962.

Mr. Martin E. Gerel, Washington, D. C., with whom Messrs. Lee C. Ashcraft, and Joseph H. Koonz, Jr., Washington, D. C., were on the brief, for appellants.

Mr. Jeremiah C. Collins, Washington, D. C., with whom Mr. Frank F. Roberson, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

The District Court directed a verdict for the appellee at the close of appellants' case in which damages were sought for personal injury sustained when the appellant-wife slipped in appellee's supermarket. Testimony revealed that shortly after appellants, who are husband and wife, entered the store the wife slipped in an aisle between rows of merchandise and shelves. After slipping she observed a small patch of moisture, a grape or plum and some sawdust. She and her husband then reported the incident to an employee who at once removed the material with a piece of paper and a cardboard. There was no evidence how long the material was on the floor or whether its presence was known by appellee. There was evidence that the store kept sawdust on hand and available to its employees but no evidence as to the purpose for which it was kept.

Appellee argues that "it is possible that an employee of appellee put sawdust on the floor after the plum came to be there [but] it is equally possible that an

1.  Fed.R.Civ.P. 52(a).

employee * * * did not * * *, or, if he did, that it was put there *before* the plum or grape came to be there." From this it is argued that a verdict could be reached only by impermissible speculation.

We cannot agree. Appellee had a legal obligation to exercise reasonable care to keep the store in a reasonably safe condition for the use of its customers. Foy v. Friedman, 108 U.S.App.D. C. 176, 280 F.2d 724 (1960). Reasonable men might or might not infer that the presence of a small patch of sawdust on or near the grape or plum and moisture indicated the sawdust was placed there *after* the fruit and moisture were observed, since sawdust was not spread over the floor area generally. If a jury decided the sawdust was placed there *after* the fruit was present, obviously it could conclude that appellee had notice of a dangerous condition. Viewed in the light most favorable to appellant, the facts shown by this record were sufficient to raise a jury issue.

Reversed and remanded for a new trial.