**Eleanor Lee HOWARD, Appellant,**

**v.**

**SAFEWAY STORES, INC., Appellee.**

**No. 4950.**

District of Columbia Court of Appeals.

Argued Jan. 26, 1970.

Decided April 7, 1970.

Leonard Joseph Keilp, Washington, D. C., with whom Milton M. Burke, Washington, D. C., was on the brief, for appellant.

William Clague, Washington, D. C., with whom Francis C. O'Brien and Anthony E. Grimaldi, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and NEBEKER, Associate Judges.

KERN, Associate Judge:

In this slip and fall case, the jury found for appellant in the amount of $1,350

8. Cf. Spinelli v. United States, 382 F.2d 871, 886 (8th Cir. 1967), rev'd on other grounds, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

but the trial court entered a judgment notwithstanding the verdict for appellee Safeway. A judgment *non obstante veredicto* is appropriate where "the evidence is so one-sided as to leave no room for doubt * * *." McWilliams v. Shepard, 75 U.S. App.D.C. 334, 335, 127 F.2d 18, 19 (1942). In assessing the evidence in this case to determine if the trial court correctly entered judgment N.O.V. for appellee, we must of course consider such evidence in the light most favorable to appellant.

Appellant was walking down the middle of an aisle in front of appellee's produce counter, which was operated on a self-service basis, to pick out a head of lettuce when she slipped and fell backwards injuring herself. As she was getting up she saw a crushed stringbean on the floor near her foot and found wet sawdust clinging to her dress. There was no part of the stringbean on her shoe. She had noticed sawdust on the floor both at that point and elsewhere in the store. There was water under the sawdust on the floor of the aisle in front of the counter. Appellant was unable to say with certainty what had caused her to slip and fall although she thought that it was the stringbean.[1]

■ Even if we were to conclude that the jury could have reasonably inferred from the evidence that appellant slipped on the stringbean, Seganish v. District of Columbia Safeway Stores, Inc., 132 U.S. App.D.C. 117, 406 F.2d 653 (1968), there was no evidence either that an employee of appellee caused the stringbean to fall on the floor or had actual knowledge of its presence there,[2] or that it "had been permitted to remain there over such a period of time that failure to discover and remove [it] would amount to negligence." Napier v. Safeway Stores, Inc., D.C.App., 215 A.2d 479, 481 (1965). See Kelly v. Great Atlantic and Pacific Tea Co., 109 U.S.App. D.C. 181, 284 F.2d 610 (1960); Brodsky v. Safeway Stores, Inc., 80 U.S.App.D.C. 301, 152 F.2d 677 (1945); Safeway Stores, Inc. v. Morgan, D.C.App., 253 A.2d 452 (1969).[3]

■ Appellant also contends that the jury could have found from the evidence that the wet sawdust caused her fall and that appellee had been negligent in permitting water to accumulate at that point on the floor. However, appellant's own testimony was that she slipped on the stringbean and then fell "on" or "into" the sawdust. Under these circumstances there was no factual issue concerning the wet sawdust for the jury. See Taylor v. D. C. Transit System, Inc., D.C.App., 258 A.2d 455 (1969).

Affirmed.

1. Appellant first testified on cross-examination that she slipped "in" the wet sawdust (R.46) but then changed her testimony to say that she slipped on the stringbean and "fell on the damp sawdust" (R.47). Later, on redirect (R.56) and again on recross examination (R.58), she testified that she slipped on the bean *into* the wet sawdust.

2. It has been held that the presence "of a small patch of sawdust on or near" debris on the floor of a grocery store is sufficient to take to the jury the issue whether the store had placed the sawdust there after the spillage and therefore had notice of the dangerous condition of the floor. Fuller v. Giant Food, Inc., 114 U.S.App.D.C. 53, 54, 310 F.2d 858, 859 (1962). However, the court in *Fuller* noted (114 U.S. App.D.C. at 54, 310 F.2d at 859), that "sawdust was *not* spread over the floor area generally" (emphasis added). In the instant case appellant testified that after she fell she saw the stringbean crushed under the sawdust on the floor, but she further testified that she had seen sawdust "[a]ll over the store" on this and *previous* occasions. Thus, in contrast to *Fuller*, the presence of sawdust in this case would not support an inference of knowledge on the part of the store that this particular stringbean had been on the floor.

3. Appellant's suggestion that allowing customers to "bag" their own produce is negligence per se is without merit. *See* Napier v. Safeway Stores, Inc., *supra*.