Minnie L. KINCHELOE, Appellant,

v.

SAFEWAY STORES, INC., a corporation,
Appellee.

No. 6003.

District of Columbia Court of Appeals.

Argued Nov. 16, 1971.

Decided Jan. 11, 1972.
Rehearing and Rehearing En Banc
Denied Feb. 8, 1972.

H. Clay Espey, Washington, D. C., with
whom Charles B. DeShazo, Washington,
D. C., was on brief, for appellant.

William Clague, Washington, D. C.,
with whom Francis C. O'Brien, Washington, D. C., was on brief, for appellee.

Before HOOD, Chief Judge, and NEBEKER, and REILLY, Associate Judges.

REILLY, Associate Judge:

This is an appeal from a directed verdict for Safeway Stores, Inc. in an action
to recover damages for injuries incurred
by appellant in falling upon the floor of a
local grocery operated by that corporation.
The accident occurred while appellant was
selecting some items for purchase from a
vegetable counter, and she attributes her
fall to negligence on the part of Safeway
in maintaining the floor adjacent to the
counter in a dangerous and slippery condition.

Although the date of appellant's injury
was August 20, 1965, suit was not commenced until August 12, 1968. Almost another three years elapsed before the case
was reached on the jury calendar—the
trial having been held on March 24, 1971.

At the trial, appellant's recollection of
the incident was sparse. She testified that
she was 53 years of age, and that on August 20, 1965, she had been employed as a
nurse to an elderly lady who lived in an
apartment house about a block away from
the Safeway store, to which she was sent
to buy a steak and some vegetables for her
patient. She recalled that she arrived at
the store that morning between 9:30 and
10 o'clock, picked up the steak—which had
been previously ordered—and proceeded
to another counter where, as she was
reaching for a head of lettuce, she slipped
and fell. She said that all she could remember was her feet going from under
her because she did not regain consciousness until she found herself in the hospital.
No eyewitnesses to this mishap were produced.

The physician who examined her in the
hospital testified that he observed a laceration of the scalp at the back of her head
requiring sutures, and concluded that she
had also suffered a cerebral concussion.
After her discharge, he treated her briefly
for headaches. On cross-examination, the
doctor did not rule out the possibility that
she might have had an epileptic seizure or
a fainting spell, but stated that none of
the tests given appellant, including an electrocardiogram, gave him reason to believe
that appellant was afflicted with any condition likely to cause such aberrations.

The only other witness called by appellant was George Cortina, the manager of the apartment house where appellant's patient was one of the tenants. Cortina testified that he had also gone to the Safeway store on the day of appellant's accident, and noticed that the floor near the vegetable counter was slippery because of heavy waxing. He placed his visit to the store as sometime between noon and one o'clock, stating that he had learned of the accident about two hours earlier. He further testified that over the preceding seven-year-period, he had occasion to go to the store several times each day on errands for different tenants, that the floor was always slippery, as it was waxed and buffed by machine three or four times a day. After appellant rested, appellee's counsel moved for a directed verdict.

The granting of this motion is assigned as error by appellant, who contends that accepting Cortina's uncontradicted testimony as to the condition of the floor as true—which indeed we must for the purpose of reviewing a directed verdict—this court should hold that the testimony was sufficient to require consideration by the jury of the basic issue of negligence. Appellant relies on decisions holding that in falls occasioned by slippery substances on store floors, under circumstances where the merchant was on notice of the existence of such hazards, a jury should be allowed to draw its own inferences as to whether or not there was a failure on the part of a defendant to exercise reasonable care to protect his customers from injury, e. g., Seganish v. District of Columbia Safeway Stores, Inc., 132 U.S.App.D.C. 117, 406 F.2d 653 (1968); Fuller v. Giant Food, Inc., 114 U.S.App.D.C. 53, 310 F.2d 858 (1962); Paylor v. Safeway Stores, Inc., D.C.App., 225 A.2d 312 (1967).

While we have no disagreement with this general proposition, it has little or no application to the case before us. In the *Seganish* case, which established a new high-watermark for plaintiffs with respect to the permissible scope of jury inferences,

there was at least testimony of slippery objects on the surface of the floor at the very moment plaintiff fell, and circumstantial evidence of slippage on one of those objects. Viewing Cortina's testimony in the light most favorable to appellant, we note that all that it disclosed was (1) two or three hours after the accident, the place where the fall occurred was noticeably slippery, (2) waxing was done in the store three or four times a day, and (3) over the years, in the course of his visits to such store, he had always encountered slippery conditions.

It is appellant's contention that from Cortina's account of what he saw on the day of the accident, it was possible for the jury to infer that the floor had also been slippery at the time appellant was standing at the vegetable counter, and further to infer from his testimony of finding similar conditions on numerous prior occasions, that management was on notice of a continuing hazard and negligent in failing to correct it. But even should we accept this argument, appellant's case was still fatally deficient in one crucial respect.

There is no evidence whatsoever that her fall was caused by any floor condition, assuming, *arguendo*, that its surface was slippery. According to appellant, she was not walking when she fell, but was reaching across the counter for a head of lettuce. She volunteered that she could not remember whether she had picked up this item or not when her feet (or foot) went from under her. On either hypothesis, she was not moving about at this moment, and if she lost her balance because of leaning over the counter for an object not within easy reach, she would have fallen forward rather than backward.

From all that can be gathered from her own testimony, her injury may have been the result of a turned ankle, a momentary dizziness, a fainting spell, or something else beyond the control of store management. As this court said in Ruffin v. Trans-Lux Theatre, D.C.Mun.App., 156 A. 2d 678, at 679–680 (1959), where the floor

was described as "slick" and "glassy", "there was simply no proof that plaintiff's fall was in any way connected with anything which had been done to the floor."

Appellant argues, however, that the jury should have been allowed to have drawn such inferences as it saw fit from the facts presented to it. But on this record, there does not seem to be anything which the jury could have done other than to speculate. Speculation is not the province of a jury, for the courts of this jurisdiction have emphasized the distinction between logical deduction and mere conjecture. Ruffin v. Trans-Lux Theatre, D.C.Mun.App., 156 A. 2d 678 (1959); Brodsky v. Safeway Stores, Inc., 80 U.S.App.D.C. 301, 152 F.2d 677 (1945).

Accordingly, in the absence of any testimony that the condition of the floor was the proximate cause of the injury, we find the directed verdict proper.

Affirmed.