DISTRICT OF COLUMBIA, Appellant,

v.

SQUARE 254 LIMITED
PARTNERSHIP, et al.,
Appellees.

No. 85–814.

District of Columbia Court of Appeals.

Argued March 24, 1986.
Decided Oct. 24, 1986.

Edward E. Schwab, with whom John H. Suda, Acting Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Corp. Counsel, Washington, D.C., were on the brief, for appellant.

Gilbert Hahn, Jr., with whom Janet L. Eveland, Washington, D.C., was on the brief, for appellees.

Before NEBEKER, MACK and BELSON, Associate Judges.

NEBEKER, Associate Judge:

This appeal is from the Tax Division of the Superior Court where appellee taxpayer successfully appealed a second-half 1983 real property tax assessment after the construction of the J.W. Marriott Hotel. The trial court granted summary judgment to the taxpayer and denied the cross-motion filed by appellant, the District of Columbia. The District now appeals. We hold that when the trial court concluded as a matter of law that the assessed property was not a "new building," but an "addition," it did so with an inadequate showing of the absence of a genuine issue of material fact. Accordingly, we reverse and remand the case for further proceedings.

Taxpayer is the lessee of real property located at Lot 832, Square 254 and the owner of certain improvements thereon

known as 1331 Pennsylvania Avenue, N.W.[1] On February 22, 1983, the District of Columbia sent to the taxpayer a notice of assessment for the second half of tax year 1983. The notice revealed an increase in the assessment of the building on Lot 832 from $219,837 to $15,247,257. This was because the building was a "new structure[ ] erected or roofed during the time period of July 1 through December 31, 1982." See D.C. Code § 47-830 (1981). Taxpayer timely appealed the assessment to the Board of Equalization and Review. Following a hearing, the Board sustained the assessment. Taxpayer then paid the resulting taxes of $161,107.02 and appealed to the Superior Court. See id.; D.C.Code § 47-3303 (1981).

Before the Tax Division, taxpayer argued in support of its motion for summary judgment that the assessed property was not a "new building" subject to a supplemental second-half assessment, but instead, an "addition" to existing improvements, subject only to supplemental annual assessment. This case turns squarely upon a determination whether the assessed property is an "addition" or a "new building." Compare id., § 47-830 with § 47-829.[2] In support of this contention, taxpayer relied in part upon the affidavit of G. Neel Teague, former Vice President and Assistant Project Director of Quadrangle Development Corporation. Teague stated that the assessed property was constructed as an addition to existing improvements on Lot 831 of Square 254, which is located at 1301 Pennsylvania Avenue, N.W. This conclusion was based at least in part upon a building permit granted by the Department of Licenses for the construction of an addition at that location. The permit was in response to the application which described the construction as an addition.

The District disagreed, relying principally upon the affidavits of Dan Evans, Acting Director of the Engineering Division/Development Administration of the District of Columbia Department of Housing and Community Development, and Joseph F. Morey, a District assessor. Both Evans and Morey stated that the assessed property was a "new building" and not an "addition." This determination was based in part on the fact that the assessed property, consisting of approximately 1,500,000 square feet, dwarfed the 53,000 square foot National Theatre to which it was assertedly added. The National Theatre is located at 1321 Pennsylvania Avenue, N.W. Morey stated further that the key concept differentiating an addition from a new building is whether the original building and the addition are joined together into a single unit, evidenced by the sharing of a common entrance, circulation, or other functional integration.

■ The trial court concluded that the assessed property and the existing struc-

---

1. The taxpayer rents the property from appellee Pennsylvania Avenue Development Corporation. Under the lease agreement, the taxpayer is obligated to pay all real estate taxes and is authorized to contest the assessment of such taxes.

2. At the time of the assessment, D.C. Code § 47-830 provided in part:

In addition to the annual assessment of all real estate made on or prior to July 1st of each year there shall be added a list of all new buildings erected or under roof prior to January 1st of each year, in the same manner as provided by law for all annual additions; and the amounts thereof shall be added as assessment for the 2nd half of the then current year payable in the month of March.

In contrast, D.C.Code § 47-829 provided in pertinent part:

Annually, on or prior to July 1st of each year, the Department of Finance and Revenue shall make a list of all real estate which shall have become subject to taxation and which is not then on the tax list, and affix a value thereon, according to the rules prescribed by law for assessing real estate; shall make return of all new structures erected or roofed, and additions to or improvements of old structures....

Subsequent to the assessment in this case, and effective with the 1984 tax year, § 47-830 was amended to provide for the supplemental second-half assessment for "additions" as well as "new structures." See D.C. Code § 47-830 (1986 Supp.). Both the District and the taxpayer agree that prior to the amendment, only "new buildings" were subject to the supplemental second-half assessment.

ture at 1301 Pennsylvania Avenue to which it was added, were "comprised of constituent parts that blend together into an integrated, harmonious development." The trial court then concluded that this "addition" was improperly taxed as a "new building." The court then granted the taxpayer's motion for summary judgment. We hold this to be error for the respective positions of the taxpayer and the District, as expressed in the affidavits, demonstrate a factual dispute on the central issue in this case.

 The trial court's role on summary judgment is not to resolve fact issues, but rather, to determine if the record demonstrates that there is no genuine issue of material fact from which the factfinder could find for the nonmoving party. *Holland v. Hannan,* 456 A.2d 807 (D.C.1983); *Nader v. de Toledano,* 408 A.2d 31 (D.C. 1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980).

We express no opinion on the question whether the affidavits in this case recite admissible testimony. *See* Super.Ct.Civ.R. 56(e) and Super.Ct.Tax Div.R. 3(a). The opinions expressed by the affiants appear to be those born of some expertise plus reliance upon empirical evidence. We think it is unclear on this record whether the factual dispute to be resolved is beyond the ken of the average layman. *See generally Salem v. United States Lines Co.,* 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962). In any event, the record as it stands fails to establish absence of a genuine issue of material fact to the extent that facts are a part of the ultimate issue. The grant of summary judgment was therefore error. *International Brotherhood of Painters v. Hartford Accident and Indemnity Co.,* 388 A.2d 36, 42 (D.C.1978).

 The trial court also concluded that in the absence of any formal rules defining "addition" and "new buildings," it was not free to supply its own definitional standards. But the proceeding before the trial court was *de novo. Wyner v. District of Columbia,* 411 A.2d 59, 60 (D.C.1980). The court was required to hear and determine "all questions" arising on the "appeal" and "make separate findings of fact and conclusions of law." D.C.Code § 47–3303 (1981). The absence of an applicable conclusive regulatory definition leaves open the factual question. And it is not conclusive on the question that for other purposes an administrator has chosen one characterization over another.

Accordingly, we reverse and remand the case for further proceedings.

*So ordered.*