Mary THOMPSON, Appellant,

v.

SHOE WORLD, INC., et al., Appellees.

No. 87-1366.

District of Columbia Court of Appeals.

Argued Dec. 18, 1989.
Decided Jan. 26, 1990.

Frederic W. Schwartz, Jr., with whom Robert Cadeaux, Washington, D.C., was on the brief, for appellant.

William J. Carter, Washington, D.C., for appellee Shoe World, Inc.

Randell Hunt Norton, Washington, D.C., for appellee KOWA American Corp.

---

Before ROGERS, Chief Judge, and BELSON and FARRELL, Associate Judges.

FARRELL, Associate Judge:

This is an appeal from a grant of summary judgment in favor of appellees KOWA American Corp. (KOWA), an importer of women's shoes, and Shoe World, Inc. (Shoe World), a retailer. The appellant, Mary Thompson, was injured when she fell while alighting from a government shuttle bus.[1] Ms. Thompson alleged that her fall was caused, at least partially, by a defective heel on a pair of shoes purchased from Shoe World and imported by KOWA. In their motions for summary judgment, Shoe World and KOWA agreed—for purposes of the motions—that the heel was defective but argued that the circumstantial evidence presented by Thompson was insufficient to allow a reasonable juror to conclude that the heel was the proximate cause of her injuries. The trial court agreed and granted summary judgment to appellees. On appeal, Thompson argues that the evidence, when examined in the light most favorable to her, was sufficient to create a jury question on the issue of causation and that summary judgment was therefore inappropriate. We agree and reverse.

## I.

On April 20, 1981, Ms. Thompson was injured when she fell while attempting to get off a shuttle bus. On September 17, 1982, she brought suit against Shoe World on theories of negligence, breach of warranty, and strict liability. KOWA was named as a defendant in her amended complaint, filed on December 30, 1983.[2]

In her deposition taken on April 22, 1983, Ms. Thompson stated that as she was stepping down from the bus with her left foot, she was thrown off balance when her right heel stuck in the matting on the bus. As a result, she landed harder than usual on the ball of her left foot and was unable to regain her balance. When she landed on the pavement, the heel of her left shoe was broken. Although she could not remember the heel breaking, she stated that since "[t]he shoe was intact when I was on the step ... it must have broken when I stepped down." This, she alleged, was at least a partial cause of her fall. The record also contains a report by Joseph Ciaio, a shoe expert, who examined Ms. Thompson's shoes after the fall. In that report, Mr. Ciaio concluded that the heel design and construction of the shoe were defective.

On April 12, 1984, KOWA moved for summary judgment on the ground that plaintiff had failed to present any evidence that the alleged defect was the proximate cause of her injuries. Judge Murphy granted this motion in an order dated May 16, 1984. Ms. Thompson's motion to reconsider this order was denied on June 28, 1984, the court stating that "plaintiff has raised no matters requiring reconsideration of its earlier ruling."

On February 9, 1985, a deposition was taken of Glenn C. Fields, the driver of the bus, and, based upon his testimony, Ms. Thompson sought reconsideration of the May 16, 1984 order granting summary judgment to KOWA. In that deposition, Fields testified that Ms. Thompson had landed on the *heel* of her left foot too close to the front of the step, and then fell forward because there was no place for the ball of her foot to land. When asked when the heel had come loose, his response was that "[i]t would have to be, [her left heel breaking] that caused her to make the fall, it had to be that or her not putting her ball of her foot down on the steps." He did not see her right heel get stuck in the mat and

---

1. Ms. Thompson worked as a secretary for the Equal Employment Opportunity Commission and rode this bus to work.

2. Also named as defendants were International Limousine Service, Inc., the operator of the bus, General Motors, the manufacturer, and All Sweshin Footwear Company Ltd., the manufacturer of the shoes. General Motors' motion for summary judgment was granted on September 25, 1985. Claims against International Limousine were settled and dismissed on October 30, 1987. All claims and cross claims against All Sweshin Footwear were dismissed in an order dated April 27, 1989. None of these defendants below is a party to this appeal.

did not see or hear the left heel break. He did, however, notice that the heel was broken after the fall. Judge Holmes denied the motion to reconsider on April 29, 1985, stating that it was "not well grounded upon sufficient new facts, nor timely, nor warranted by law...." Ms. Thompson appeals only from the May 16, 1984 order granting summary judgment.

On November 27, 1985, Shoe World filed a motion for summary judgment on essentially the same grounds cited by KOWA, i.e., that Ms. Thompson had failed to present sufficient evidence that the alleged defect was the proximate cause of the fall. Judge Bowers granted this motion on March 21, 1987, stating:

> Plaintiff's failure to raise a genuine issue re: "proximate cause" is not aided by the deposition testimony of Glenn Fields, which merely calls upon the trier of fact to guess or speculate as to whether plaintiff's left shoe heel (even if defective) had anything at all to do with the happening of the accident.

Judge Bowers denied Ms. Thompson's motion to reconsider on July 27, 1987. She appeals from the March 21 order.

## II.

A motion for summary judgment will be granted when the

> pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Super.Ct.Civ.R. 56(c) (1989); *Sayan v. Riggs Nat'l Bank*, 544 A.2d 267, 268 (D.C. 1988). In reviewing a grant of summary judgment, this court applies the same standard as the trial court and must, therefore, undertake an independent review of the record to determine whether any genuine issues of material fact exist. *District of Columbia v. Pierce Assoc.*, 527 A.2d 306, 312 (D.C.1987). In so doing, the court must examine all facts in the light most favorable to the non-moving party. *Wolf v. Regardie*, 553 A.2d 1213, 1215 (D.C.1989); *Holland v. Hannan*, 456 A.2d 807, 815

(D.C.1983). The non-moving party is also entitled to all favorable inferences drawn from those facts. *Id.* at 815. Thus, any doubt is to be resolved in favor of the party opposing summary judgment. *Davis v. Gulf Oil Corp.*, 485 A.2d 160, 164 (D.C. 1984). Upon completion of this review, if the facts are such that reasonable persons could differ on the outcome, summary judgment is inappropriate. *District of Columbia v. Square 254 Limited Partnership*, 516 A.2d 907, 909 (D.C.1986); *McCoy v. Quadrangle Development Corp.*, 470 A.2d 1256, 1259 (D.C.1983); *Nader v. de Toledano*, 408 A.2d 31, 42 (D.C.1979).

## III.

Appellant agrees that in order to succeed in her tort actions she was required to establish causation. *See S. Kann's Sons Corp. v. Hayes*, 320 A.2d 593, 595 (D.C. 1974); PROSSER AND KEATON, THE LAW OF TORTS § 41, at 263 (5th ed. 1984) (essential element of any tort is proximate cause). Appellant argues, however, that the deposition testimony of herself and Fields, combined with the report of her shoe expert, raised a factual dispute as to whether the breaking of the left heel was the proximate cause of the fall, and so made summary judgment improper.

■ As a preliminary matter, appellant, in appealing from the May 1984 order granting KOWA's motion for summary judgment, would have us consider the deposition of Mr. Fields taken almost two years after that order. In support of this argument, appellant cites Super.Ct.Civ.R. 54(b) for the proposition that, absent entry of a final judgment, the order granting KOWA's motion for summary judgment was "subject to revision at any time.... Thus, if the [trial] court determined that summary judgment was inappropriate for [Shoe World], it was authorized and most likely would have vacated the summary judgment for ... KOWA."

While this may or may not be true, it has no application to the present situation. Rule 54(b) provides in part:

> [W]hen multiple parties are involved, the trial court may direct the entry of final

judgment as to 1 or more but fewer than all of the claims or parties only upon an express determination that there is no reason for delay and upon an express direction for the entry of judgment.

The portion of the rule relied on by appellant goes on to provide that, absent such determination and direction, "the order ... is subject to revision at any time before the entry of judgment adjudicating all the claims ... of all the parties." The rule provides no support, however, for the proposition that, on appeal, this court must consider evidence that was not before the trial court at the time it ruled. If appellant desired consideration of Fields' deposition by this court, she should have appealed from the April 29, 1985 denial of her motion to reconsider. For whatever reason, she did not do so.[3]

▮ Even without Fields' testimony, however, a factual dispute exists on the issue of causation which, we conclude, must be resolved by a jury rather than on summary judgment. As stated previously, appellees did not dispute that the heel of Thompson's left shoe was defective. The evidence was also undisputed that Thompson, after losing her balance, landed on the second step of the bus with the ball of her left foot and that after the fall, the left heel of the shoe was broken. Thompson concluded that the heel must have broken when it came down on the second step, which in turn prevented her from regaining her balance.

Appellee KOWA, on the other hand, argues that this testimony indicates that the allegedly defective heel could not have caused the injury, but rather, since only the ball of Thompson's left foot made contact with the second step, the broken heel did not cause the fall but instead must have been caused by it. Since, in KOWA's view, "the evidence at best shows that the fall may or may not have resulted from the

defect," a jury would be left to engage in impermissible speculation as to the cause of injury. See S. Kann's Sons Corp. v. Hayes, supra, 320 A.2d at 595.

Our cases, however, do not support the principle that summary judgment is appropriate whenever a defendant can establish an equally plausible theory of causation. See McCoy, supra, 470 A.2d at 1261 (party opposing summary judgment need not "eliminate with complete certainty every other cause or inference"); Nader, supra, 408 A.2d at 48 (opponent need not conclusively prove his case at preliminary stage but must only establish factual dispute for resolution by trier of fact). Appellant wore a high-heeled shoe, a picture of which appears in the record. Even assuming that she landed on the ball of her left foot, a reasonable juror could still infer that the defective left heel made contact with the step simultaneously or immediately thereafter and failed to sustain her weight. Although Thompson had already lost her balance when she landed on the second step, a reasonable juror could further conclude that, but for the heel breaking, she could have regained her balance and avoided the fall. See Washington v. District of Columbia, 429 A.2d 1362 (D.C.1981) (en banc) (reasonable jury could conclude that despite original reason for fall, the presence of a handrail might have allowed appellant to avoid falling; absence of handrail was thus a proximate cause of fall). These inferences, while certainly not compelled by the evidence presented so far, are enough to demonstrate the inappropriateness of summary judgment. Questions of causation are ordinarily issues of fact for the jury. Wagshal v. District of Columbia, 216 A.2d 172 (D.C.1966).

Only if there were absolutely no facts or circumstances from which a jury could reasonably have found ... proximate

---

**3.** Appellant also contends that the trial court failed to consider the possibility that a defect in the rubber tip of the right heel may have been a contributing factor in that heel lodging in the rubber mat. This theory, however, was not raised below and need not be considered here. The evidence below went only to whether a defect in the heel caused Thompson's injury.

While Thompson did allege that she lost her balance when her right heel lodged in the rubber matting, she did not contend that this was due to a defect in the shoe nor was there any expert testimony in that regard. The trial court was not required to construct a legal theory not raised by appellant. See Vessels v. District of Columbia, 531 A.2d 1016, 1019 (D.C.1987).

cause ... would the question have been one for the court. But if ... the facts are such as to cause reasonable men to differ, then the question is clearly one for the determination of the jury.

*McCoy, supra,* 470 A.2d at 1259. *See also Oliver v. Southern Railway Co.,* 154 U.S. App.D.C. 311, 315, 475 F.2d 895, 899 (1972) (jury can infer causation from circumstantial evidence).

Appellees rely chiefly upon *Selby v. S. Kann Sons Co.,* 64 U.S.App.D.C. 36, 73 F.2d 853 (1934), and *Kincheloe v. Safeway Stores, Inc.,* 285 A.2d 699 (D.C.1972), but neither supports their argument. *Kincheloe,* a case involving a fall on a slippery surface, merely illustrates that courts, including ourselves, "have required more of a plaintiff than a mere description of the surface on which the fall took place." *S. Kann's Sons Corp. v. Hayes, supra,* 320 A.2d at 595. In *Kincheloe,* the plaintiff was not walking when she fell, and thus there was no reasonable causal link between the alleged slippery floor and the fall. 285 A.2d at 700. In *Selby,* the only evidence of causation was a small rip in the stitches between a rug and the binding on its end, which the plaintiff saw when she got up after falling. "Under this evidence, the rip may have caused the fall, or the fall may have caused the rip by the plaintiff scraping her shoe along the rug...." 64 U.S.App.D.C. at 37, 73 F.2d at 854. "[T]here was no evidence as to when or how the rip occurred...." *Id.* Appellant, in contrast, presented evidence that she landed with force on the very shoe that broke as a result of a defect that was conceded for the purpose of the motion. An inference that the high heel broke as she made contact with the step would not require a jury to speculate, as in the cases

appellees cite. As in *Washington v. District of Columbia, supra,* a jury could further infer that the failure of the shoe to assist her in regaining her balance proximately caused the fall and her resultant injuries. Summary judgment as to KOWA was, accordingly, improper.

## IV.

 Appellee Shoe World makes essentially the same argument as KOWA with regard to proximate cause, *i.e.,* that the breaking of the heel was not the proximate cause of appellant's injuries. When Fields' deposition testimony is considered[4], however, appellant's argument that a material factual dispute exists on the question of causation is even stronger. While Fields did not see the heel break, he testified that after losing her balance Thompson landed on the *heel* of her left foot; and after the fall, he saw the broken heel on the ground. Reconciling both depositions, a reasonable juror could conclude that Thompson landed first on the ball of her left foot and then on the heel, or on both simultaneously, causing the defective heel to break and preventing her from regaining her balance. Since this theory is at least as plausible as the one offered by appellees, the question is one for resolution by a jury.

The orders granting summary judgment are

*Reversed.*

---

**4.** Since Shoe World's motion for summary judgment was granted after Fields' deposition was taken, we are free to consider the deposition on appeal.